### 7450. ANDERSON, administrator, *v.* KING.

1. When in a suit on a promissory note in the city court of Atlanta the petition recites the giving of the statutory notice for the collection of attorney's fees, and the case is in default, the judge may, without further proof than the admission implied by the failure .of the defendant to answer, direct a verdict in favor of the plaintiff for the amount sued for. *Ivey* v. *Payne,* 8 *Ga. App.* 760 (70 S. E. 140); *Valdosta &c. R. Co.* v. *Citizens Bank,* 14 *Ga. App.* 329 (80 S. E. 913).

2. Where such a judgment has been rendered, the statute relating to the opening of default has no application, although a motion to vacate the judgment might be made upon proper grounds. *Nesmith* v. *Peeples,* 14 *Ga. App.* 145.

DECIDED MARCH 15, 1917.

Complaint; from city court of Atlanta—Judge Reid. March 10, 1916.

*J. S. James, J. R. Bedgood,* for plaintiff in error.

*Bryan, Jordan & Middlebrooks,* contra.

JENKINS, J. R. R. King filed suit in the city court of Atlanta, returnable to the March term, 1916, against Mrs. Anna E. Ragsdale, upon a promissory note which stipulated for the payment of ten per cent. of the principal and interest as attorney's fees. The defendant was served personally. The plaintiff prayed for the establishment of his special lien upon certain land in Fulton county, Georgia, created by a certain loan deed made by the defendant to secure the payment of the note sued on. The petition set out the terms of the loan deed, and contained allegations showing that the defendant was duly served with notice in accordance with section 4252 of the Code of Georgia of 1910, for the purpose of collecting attorney's fees, and a copy of the notice was attached to the petition. No answer or appearance or pleading of any kind was filed

by the defendant, and at the call of the appearance docket for the March term, 1916, of the city court of Atlanta, the case was in default. Afterwards the court directed a verdict for the plaintiff for the amount of the principal, interest, attorney's fees, and costs, and setting up the plaintiff's special lien as prayed for; and a judgment signed by the court and by the plaintiff's attorneys was rendered in accordance with the verdict. The defendant filed a motion for a new trial, on the grounds, that the verdict and judgment are contrary to law and to the evidence, decidedly and strongly against the weight of the evidence, and without any evidence to support them. At the hearing of the motion the defendant filed an amendment alleging that she was at her home in Atlanta, sick, on the first Monday in March, 1916,—the last day for filing pleadings in the said case,—and therefore was unable to file a defense. Attached to the amended motion for a new trial was a copy of a plea which the defendant desired to file, setting up usury. The motion for a new trial as amended was overruled, and the defendant filed a bill of exceptions to the judgment overruling the motion.

It is not necessary to add anything further to what is ruled in the headnotes.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*