25890. CAVAN *v.* A. M. DAVIS COMPANY.

DECIDED FEBRUARY 3, 1937.

*Augustus M. Roan,* for plaintiff in error. *Frank B. Marlin,* contra.

FELTON, J. 1. The act creating the city court of Decatur (Ga. L. 1922, p. 248, §§ 4, 7), expressly provides that "so far as the same may be applicable, and not herein otherwise provided, the rules of practice, forms of pleading, and methods of procedure now prevailing in, or that may hereafter be adopted for the superior courts of this State, shall be adopted and followed in said city court;" and that after the entry of a default, "judgment or verdict may be taken as the case may require," at the "return term." In the absence of any contrary provision in the act, the statutes governing superior courts as to the opening of defaults and the opening or setting aside of judgments after default control this city court. *Burson* v. *Lunsford,* 53 *Ga. App.* 411 (186 S. E. 213).

2. While, under the Code, § 110-402, a defendant is entitled as a matter of course to the opening of a default, where there has been a mere entry of *default,* at any time within thirty days after the entry of such a "default," upon the "payment of all costs which shall have accrued," yet "If both default and final judgment have been entered, the defendant can not have the default opened without first vacating the judgment. While the court has power over any judgment during the term at which it is rendered, still a judgment should not be set aside for insufficient reason, even though the application to set it aside is for the purpose of allow-

ing the default on which the judgment is based to be opened." *Tennessee Oil Co.* v. *American Art Works,* 10 *Ga. App.* 45 (2) (72 S. E. 517); *Mathews* v. *Bishop,* 106 *Ga.* 564 (32 S. E. 631). Whether or not the proper procedure in such a case would be analogous to that provided by the Code, § 110-404, as to the opening of a default at the trial term, requiring the exercise of a sound discretion after a showing of a providential cause and a meritorious defense, and a compliance with other specified requirements, in any event the mere payment of costs will not suffice, and good reason for the opening or setting aside of the judgment must appear. *O'Connell* v. *Friedman,* 118 *Ga.* 831 (45 S. E. 668). See also *Gaines* v. *Gaines,* 169 *Ga.* 432 (150 S. E. 645); *Allison* v. *Garber,* 50 *Ga. App.* 333, 335 (178 S. E. 158).

3. On the motion of the defendant to vacate a final judgment rendered at the return term upon a default in a suit on a promissory note in the city court of Decatur, as permitted by the act creating that court, the judge did not abuse his discretion in denying the motion. Although the movant was served during the second week in March, and employed an attorney the third week in March, he merely left the papers with the attorney when he found the attorney busy, and deferred his arrangement for a further conference as to his defense until a few days before the return term on the third Monday in May. He then postponed his return to the city where the attorney was located, until the end of the week preceding the return Monday, when he became too sick to drive without endangering his health, and thus was prevented from tendering his defense to the clerk of the court until May 23, three days after entry of the final judgment. No good reason was shown as to why, during the seven or more weeks after service, the movant could not have prepared a defense by correspondence or personal conference with his attorney; nor was it shown that the attorney was refused an extension of time in which to file the plea.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*