### 46458.   TAYLOR v. CLARK.

WHITMAN, Judge. This is an appeal by the plaintiff below from a denial of a motion to strike the defendant Clark's responsive pleadings to the complaint.

Taylor's original complaint for negligence set forth that: "The corporate defendant hereinabove named is a foreign corporation with its principal place of business at 2811 Dawson Road, Tulsa, Oklahoma, and that at all times material to this action was operating a vehicle owned by it on the public highways of this State and is subject to the jurisdiction of this court.

"G. H. Nichols, hereinabove named defendant, is and was at all times material to this action the president of the corporate defendant and was present with the vehicle hereinafter described and was in charge of the same.

"That in addition to G. H. Nichols there was an employee of said corporate defendant who was the driver of the vehicle and whose name the plaintiff does not know. Said defendant is herein named 'John Doe' as provided by law and said driver's true name will be added by amendment upon discovery."

In an attempt to perfect service of his complaint, Taylor forwarded copies to the Secretary of State for service under the Nonresident Motorists Act (*Code Ann.* § 68-801 et seq). The Secretary of State, by registered mail, forwarded a copy of the complaint to each defendant, including "John Doe," to the addresses supplied by Taylor. The return receipt in the record for

the letter addressed to John Doe is signed "John Doe—Mrs. Ed Clark."

Taylor later amended his complaint stating, among other things, that "the defendant, John Doe, is in fact named Ed Clark, and the name 'Ed Clark' is hereby inserted in said complaint at all places where the name 'John Doe' appears." Within 30 days of the filing of this amendment Ed Clark filed an answer and a motion to dismiss for want of jurisdiction. Taylor moved to strike these last mentioned responsive pleadings on the ground that Clark had not timely answered and was in default. The motion to strike was denied.

There was no error. The record reveals that Clark has never been served with a summons addressed to him, thus he could not be found to be in default.

*Judgment affirmed. Eberhardt, J., concurs. Hall, P. J., concurs in the judgment.*

ARGUED SEPTEMBER 16, 1971—DECIDED OCTOBER 22, 1971—
REHEARING DENIED NOVEMBER 3, 1971.

*Alton D. Kitchings,* for appellant.
*Bouhan, Williams & Levy, Walter C. Hartridge, Leamon R. Holliday, III,* for appellee.