## 47189. FOSTER COMPANY v. LIVINGSTON.

PANNELL, Judge. Paragraph (b) of Section 55 of the Civil Practice Act (Ga. L. 1966, pp. 609, 659; *Code Ann.* § 81A-155 (b)) provides: "At any time before final judgment, the court in its discretion, upon payment of costs, may

allow the default to be opened for providential cause preventing the filing of a plea or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and announce ready to proceed with the trial." This Section is substantially the same as the old law embodied in former *Code* § 110-404.

When the defendant here complied with the requirements of Section 55 (b) of the Civil Practice Act, and the trial judge from all of the facts determined "that a proper case had been made for the default to be opened," we cannot, under the facts, say that the trial judge abused his discretion even though there was no providential cause or excusable neglect. See *Brawner v. Maddox,* 1 Ga. App. 332, 337 (58 SE 278), where this court, in reference to the old statute said: "The wording of § 5072 is such that it conveys very ample powers as to opening defaults; not only providential cause, which is broad, and excusable neglect, which is still broader, but finally, as if reaching out to take in every conceivable case where injustice might result if the default were not opened, the section goes on to say, 'where the judge from all the facts shall determine that a proper case has been made,' etc. We cannot say that the learned judge abused the discretion as insisted by plaintiff in error." See also *Butler & Co. v. Strickland-Tillman Hardware Co.,* 15 Ga. App. 193 (82 SE 815); and *Strickland v. Galloway,* 111 Ga. App. 683 (143 SE2d 3) followed in *Clements v. United Equity Corp.,* 125 Ga. App. 711 (188 SE2d 923).

Neither did the trial judge err in refusing to dismiss the answer filed by the defendant and in refusing to enter judgment for the plaintiff as in cases of default.

*Judgment affirmed. Hall, P. J., and Quillian, J., concur.*

Submitted May 4, 1972—Decided September 5, 1972—

Rehearing denied October 17, 1972—

*Adams, O'Neal & Hemingway, Thomas W. Talbot,* for appellant.

*Shepard & Berenthien, Virgil H. Shepard,* for appellee.

ON MOTION FOR REHEARING.

PANNELL, Judge. The appellant, in its motion for rehearing, contends that the decision of the Supreme Court of this State, in *Sanders v. American Liberty Ins. Co.,* 225 Ga. 796 (171 SE2d 539) is controlling here and requires a different result. The writer of this opinion in the present case was one of those dissenting when the *Sanders* case was before the Court of Appeals (120 Ga. App. 202), prior to its reversal by the Supreme Court. The facts in the *Sanders* case were that the defendant's designated agent for service was served with two suits but did not forward one of the suits because he thought, erroneously, that plaintiff had made an error, and would discover it and dismiss the action not forwarded for answer. As stated by the Supreme Court, there was a deliberate and intentional failure to obey the process of the court. Here, we have no such situation. The trial judge's order, among other things, recites the following: "In the above stated case, plaintiff's complaint against defendant seeking judgment on open account was filed in this court and was served on defendant October 14, 1971. Defendant did not file answer within thirty days after service but did tender an answer which the clerk of this court filed on November 16, 1971, that being thirty-three days after defendant had been served. Defendant failed at that time to pay the court costs. The answer denied that defendant was indebted to plaintiff. The case was placed on the calendar of jury cases ready for trial for the week beginning December 7, 1971, at 10 a.m. At the call of that trial calendar on December 3, 1971, said case was continued by agreement. Subsequently, on December 7, 1971 (fifty-four days after service on defendant) and after the case had first appeared on the trial calendar, as aforesaid, there was filed in the clerk's office, plaintiff's motion to strike defendant's answer and for a default judgment. That motion was assigned for a

hearing and postponed to accommodate counsel and came on for hearing on January 25, 1972. On that same day, January 25, 1972, defendant paid the court costs which had accrued in the case, $16.50, and at the hearing defendant's counsel tendered, and there has been filed, defendant's verified motion to open default and offered in the motion to plead instanter and announced readiness to proceed to trial, alleging that all costs incurred in this case have been paid. At the hearing, plaintiff's counsel took the position that defendant's answer, filed later than thirty days after service, was a nullity because it was not accompanied by payment of costs, plaintiff contending that there was no cause, under Georgia Code Sec. 81A-155 (b) to justify opening the default. At the hearing, defendant's counsel stated in his place (plaintiff's counsel agreeing this was adequate in lieu of a sworn statement) that the facts in the motion to open default were true and defendant's counsel went into some detail. His testimony was substantially the following: 'Within ten days after service on defendant he turned the complaint over to this attorney for defending: defendant's attorney failed to file the answer in the time required by law and when it was discovered that the answer was late in being filed, defendant's attorney instructed his employee to file the answer, which had already been prepared, and to pay the costs. Later, defendant's attorney learned that the answer had been filed but the costs not paid within the 45 day period following service.' The court asked plaintiff's counsel if plaintiff had suffered any loss due to the delay in filing answer and plaintiff's counsel knew of no loss or injury attributable to the lateness of the filing of the answer or payment of costs. *No judgment has been entered in this case. . .* In the instant case, defendant believes he has a meritorious defense which he wishes to assert; *there was never any defiance by defendant or his counsel of the process of the court, and plaintiff is not harmed by the delay caused by the error of defendant's counsel. . .*" (Emphasis supplied.)

Here, as stated by the trial judge, there was no deliberate

defiance of the court's process either by the defendant or its agent. In our opinion the *Sanders* case is clearly distinguishable on its facts for this reason. Nor does the *Sanders* case expressly hold that either (1) providential cause, or (2) excusable neglect must be shown, and that the phrase (3) "or to show a proper case to have the default open" contained in the statute has no separate meaning apart from the first two. On the contrary, it was expressly ruled the facts in that case "presented nothing which would authorize the trial court to exercise a discretion in the premises" under either of the three. See page 796 of that opinion.

We must add further that the Supreme Court entered into the error of applying the more stringent rule where a final judgment is sought to be set aside, to the lesser requirements of opening a default, when it stated in reference to the defendant there "His neglect appears to us to have been inexcusable and gross. If such an excuse as this should be adjudged a sufficient one to authorize the opening of a default, there would be few cases in which default judgments could not be set aside. The judgment of a court is a solemn thing and should not be lightly set aside. It should never be set aside for frivolous reasons. The Code gives a judge no authority to open a default, after the term has passed, for reasons which fall short of a reasonable excuse for the negligent failure to answer."

If this statement be a ruling that only providential cause or excusable neglect may be used to open a default, it did so upon the apparent erroneous assumption that in the *Sanders* case there was a final judgment as a result of the default. A default is not a judgment of the court, which to set aside and then open the default, places a greater burden upon the movant. See *Cavan v. A. M. Davis Co.*, 55 Ga. App. 200 (2, 3) (189 SE 684); *Anderson v. King*, 19 Ga. App. 471 (2) (91 SE 788).

We accordingly adhere to the judgment rendered and deny the motion for rehearing.

*Rehearing denied. Hall, P. J., and Quillian, J., concur.*