### 47797. CATE et al. v. HARRELL et al.

EBERHARDT, Presiding Judge. 1. Where defendant obtains an order of the trial court allowing the opening of a default 153 days after service of the summons and complaint (see Code Ann. § 81A-155 (a); *Times-Journal v. Jonquil Broadcasting Co.,* 226 Ga. 673 (177 SE2d 64)), there is no requirement that plaintiff, in order to preserve the right to review of the order, move to set aside the order or seek to take an immediate appeal with a certificate of review. The order is properly reviewable on appeal from judgment entered after the default is opened and trial had, and there is no merit in the contention made here that the propriety of

opening the default was not submitted to the trial court but is raised for the first time on appeal.

2. In defendants' combined motion to open the default, upon which the order opening the default issued ex parte, defendants Marie Harrell and Laura Sessions make no showing whatsoever as to why the default should be opened as to them. Consequently the trial court erred in opening the default as to these defendants. Code Ann. § 91A-155 (b).

3. In explanation of his failure to file defensive pleadings, defendant Melton Harrell "pleads excusable neglect in that he has found himself the unhappy subject of frequent suits which would cause him serious economic loss should he have to engage legal counsel to defend each and every one of such complaints. In further explanation of the frequency of such suits, defendant shows that an Atlanta paper known as 'The Bird' contains articles from time to time which create strife and motivate some individuals to file frequent frivolous complaints as well as engage in acts of vandalism."

Whatever circumstances Mr. Harrell may have found himself in with respect to frequent suits, and whatever his remedies may be in that regard, so far as opening this default is concerned his sworn statement shows a conscious indifference to, and wilful disregard of, the process of the court. "In *Brucker v. O'Connor*, 115 Ga. 95, 96 (41 SE 245), referring to then Code § 5072 (later Code § 110-404 and now Code Ann. § 81A-155 (b)), it was held: 'While this section gives to a judge a broad discretion, it does not mean that he can act arbitrarily, but that he may exercise a sound and legal discretion. It does not give him authority to open a default capriciously or for fanciful or insufficient reasons. "Excusable neglect" does not mean gross negligence. It does not mean a wilful disregard of the process of the court, but refers to cases where there is a *reasonable*

*excuse* for failing to answer.' " *Sanders v. American Liberty Ins. Co.,* 225 Ga. 796 (171 SE2d 539). The only excuse offered here is that Mr. Harrell is the subject of frequent suits and therefore need not file an answer to the instant complaint. The showing is insufficient under any of the three circumstances enumerated by Code Ann. § 81A-155 (b) and under the adjudicated cases. See, e.g., *Foster Co. v. Livingston,* 127 Ga. App. 317 (193 SE2d 626), emphasizing that in order to open a default there must be an absence of a deliberate and intentional failure to obey the process of the court.

*Judgment reversed. Pannell and Stolz, JJ., concur.*

ARGUED JANUARY 12, 1973 — DECIDED FEBRUARY 16, 1973.

*Lee Payne,* for appellants.
*Robert O. Van Norte,* for appellees.