49445. LANIER et al. v. FOSTER et al.

CLARK, Judge.

Three questions are presented: (1) Must the adversary litigant be notified before the court appoints a guardian ad litem for a minor? (2) What is required to accomplish legal service upon a minor defendant before such minor can be declared in default? (3) How broad a discretion is vested in a trial judge under Code Ann. §

81A-155 (b) to authorize him to determine "from all the facts . . . that a proper case has been made for the default to be opened"?

Jefferson G. Lanier, Jr., by his father as next friend, joined with his father individually to sue Janice Lynn Foster, an infant, and her uncle, Roy Thomas Rooker, for injuries allegedly sustained by young Lanier when struck in the eye by a stick negligently wielded by the infant defendant while plaintiff minor was an invitee upon Rooker's premises. The record shows that on April 22, 1972, the date of the event, plaintiff was nine years of age and defendant child was twelve years old.

The infant defendant was served personally in Fulton County on March 13, 1973. Although the complaint alleged Janice Lynn Foster to be an infant, and added that a guardian ad litem should be appointed and served with process on her behalf, no move was made towards having this done. This complaint was not served upon the infant's father or mother. Rooker, the adult defendant, was personally served on March 15, 1973, by second original process in his residence county. He promptly forwarded the complaint to the adjuster for the Unigard Mutual Insurance Company which carried his homeowner's coverage, this being the individual with whom he had dealt on this claim. No defensive pleadings were filed within the 30 days statutory period.

On June 6, 1973, both defendants made their first court appearance through their attorney. After making payment of all accrued court costs both defendants filed a single motion under Code Ann. § 81A-155 (b) captioned "Defendants' Motion to Open Default Prior to Judgment." In their motion the defendants set forth separately the facts on which their joint motion was based. Additionally, a separate motion for appointment of a guardian ad litem was made by the minor defendant. This independent motion was granted with her father being appointed, the court directing him to accept service and file an answer for her. This order was entered without notice to plaintiffs.

The joint motion stated the activities of the insurer, Unigard Mutual Insurance Company, after Rooker had forwarded the suit papers to the adjuster. This individual

resigned and failed to comply with the company regulations to report receipt of the complaints. A regular audit by the insurer resulted in a discovery of the suit papers on May 4, 1973, only a few days past the time when the costs could have been paid and the default opened as a matter of right under Code Ann. § 81A-155 (a). The motions by defendants to open the default followed promptly thereafter.

The motion included separate answers for each defendant setting out meritorious defenses. This pleading further pointed out it was necessary for the court to appoint a guardian ad litem for the minor defendant pursuant to the provisions of Code Ann. § 81A-117 (c) with court authorization for defensive pleadings to be filed on her behalf. The motion also stated that "The default in this case occurred as a result of a providential cause preventing the filing of answers, or in the alternative, as a result of excusable negligence, or that considering all the facts, a proper case has been made for the default to be opened."

In response to a rule nisi calling upon plaintiffs to show cause why the default should not be opened as to both defendants, the plaintiffs moved for reinstatement of the default as to the minor, contending they were entitled to notice and hearing before a guardian ad litem was appointed and that plaintiffs were entitled to a default as against both defendants. In an order entered March 5, 1974, the defaults as to both defendants were opened. The judgment recited the factual background and concluded that "The court in the exercise of its discretion has determined that a proper case has been made for the default to be opened and that the interest [sic] of truth and justice require that the default be opened." (R. 56). The instant appeal followed with the trial judge granting the necessary immediate review certificate.

1. The assertion the trial court erred in appointing a guardian ad litem for the minor defendant without affording plaintiffs an opportunity to be heard is without merit. Code Ann. § 81A-117 (c) provides that "The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an

152

action or shall make such other order as it deems proper for the protection of the infant or incompetent person." The selection of the individual to represent the child's interest is a matter which peculiarly lends itself to the discretion of the trial court and is not ordinarily the type of matter in which the plaintiff, the infant's adversary, has a legitimate interest. Code Ann. § 81A-117 (c) does not contemplate an adversary hearing. As this court has previously pointed out, "It is . . . clear that Subsection 17 (c) of the Act intended that the trial court be given discretion in the matter of appointment of a guardian ad litem for it provides that the court *shall* appoint *or* make such order as he deems proper for the protection of the minor." *O'Neil v. Moore,* 118 Ga. App. 424, 428 (164 SE2d 328).

Moreover, in their complaint, the plaintiffs acknowledged the infancy of the minor defendant and called for the appointment of, and service upon, a guardian ad litem to represent the infant's interests. Plaintiffs cannot, therefore, complain that the trial court appointed a guardian ad litem without granting plaintiffs an opportunity to be heard on this matter. See Code § 38-402.

2. Appellants also contend the trial court erred in directing the guardian ad litem to answer the complaint on behalf of the infant defendant without considering plaintiffs' position. The basis of this contention is that the minor defendant was in default and the court's order directing the guardian ad litem to answer was, therefore, the equivalent to an ex parte opening of the default. In support of its contention plaintiffs rely on *Livesay v. King,* 129 Ga. App. 751 (201 SE2d 178), wherein this court ruled that the opening of a default by ex parte application is error.

The case relied upon by plaintiffs is not here apposite, because service was not legally perfected upon the minor and therefore she could not have been legally in default. Code Ann. § 81A-104 (d) (3) provides that if a suit is against a minor, service shall be made upon ". . . such minor, personally, *and* also to his father or his mother or his guardian or his duly-appointed guardian ad litem . . ." (Emphasis supplied.) Our Supreme Court

"has strictly construed the provisions of this Code section, and rightfully so, since notice is the very bedrock of due process." *Thompson v. Lagerquist,* 232 Ga. 75, 76 (205 SE2d 267). Strict compliance with this statutory requisite is therefore essential in order for service of process to be properly perfected upon an infant. Accordingly, in order to perfect service upon a minor in this state, both the minor *and* his father or mother or guardian or guardian ad litem must be served. This imperative not having been satisfied, the infant defendant could not be found to be in default. See *Taylor v. Clark,* 124 Ga. App. 766 (186 SE2d 159).

Although not altogether pertinent to this question of the opening of a default proceeding, we feel compelled to add that since the minor defendant is under the age of criminal responsibility, she is immune from suit for negligent tort under the recent decision of *Hatch v. O'Neill,* 231 Ga. 446 (202 SE2d 44).

3. Finally, plaintiffs argue the trial court erred in opening the default as to the defendant Rooker. We disagree. Code Ann. § 81A-155 (b) provides: "At any time before final judgment, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of a plea or for excusable neglect *or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened. . ."* (Emphasis supplied.)

"Our law distinguishes between a default, which involves an interlocutory matter, and a default judgment, which represents final judicial action and the vesting of rights. See *Cravey v. C & S Nat. Bank,* 110 Ga. App. 284 (138 SE2d 321); 6 Moore's Federal Practice 1827, § 55.10 [1]. There is also a difference between the tests for opening a default under the first two grounds of the statute (providential cause and excusable neglect) and that of the ground here. The former grounds have been narrowly defined in case law and do not allow the exercise of the broad discretion of the latter. *Strickland v. Galloway,* 111 Ga. App. 683, supra." *Clements v. United Equity Corp.,* 125 Ga. App. 711, 712 (188 SE2d 923); *Foster v. Livingston,* 127 Ga. App. 317 (193 SE2d 626); *Broadaway v. Thompson,* 127 Ga. App. 600 (194 SE2d

342). Applying these rules to the case at bar, we cannot say that a "proper case. . . for the default to be opened" was not presented.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED MAY 28, 1974 — DECIDED SEPTEMBER 10, 1974 — REHEARING DENIED OCTOBER 24, 1974 —

*James W. Lewis,* for appellants.

*Savell, Williams, Cox & Angel, Edward L. Savell, Elmer L. Nash,* for appellees.