## 29141. AXELROAD v. PRESTON.

INGRAM, Justice.

This sole question presented for decision in this certified appeal is whether the trial court abused its discretion in granting defendant's motion to open the default in this equity case prior to final judgment.

The facts upon which the trial court exercised its statutory discretion and opened the default are these: Plaintiff's complaint was served upon defendant on June 22, 1973, requiring an answer within thirty days thereafter under Code Ann. § 81A-112 (a). Defendant's counsel had been stricken with acute cardiac infection on June 5, 1973, which required him to be hospitalized until June 11, 1973, when he was released to home care. Defendant's counsel was directed by his attending physician, at the time of his release, to return to the hospital as soon as possible thereafter for open heart surgery to replace an aortic artery valve. Defendant's counsel re-entered the hospital for this surgery on September 5, 1973, and was released on September 17, 1973, to his home for recuperation. Between June 11, 1973, and September 5, 1973, defendant's counsel was under strict orders from his physician to make periodic visits to the physician's office and to reduce his work load in preparation for the scheduled surgery. After approximately five weeks of recuperation at his home from the surgery, defendant's counsel returned to work and discovered that he had not filed defensive pleadings in the case. A written motion to open the default was prepared and filed and defensive pleadings were tendered for filing at the same time. After a hearing on the motion to open the default, the trial court entered an order opening the default and allowed the filing of the defensive pleadings.

Defendant's counsel argues that beginning with his initial hospitalization for acute cardiac infection until he was able to return to work following recuperation from surgery he was under severe pressure due to his illness and that he had inadvertently failed to file an answer to the plaintiff's complaint within the time prescribed by law. Plaintiff's counsel argues that defendant has not

shown providential cause or excusable neglect preventing the filing of a timely defense and that the trial court abused its discretion in opening the default.

The record before us shows that this is a case in which the plaintiff contends the defendant was maliciously trespassing upon plaintiff's property and plaintiff seeks to enjoin defendant from committing the alleged acts of trespass. The trial court, on plaintiff's motion, entered a temporary restraining order against the defendant and thereafter continued the restraining order in force until further order of the court but there has been no final trial or hearing in the case. *Held:*

1. "Paragraph (b) of Section 55 of the Civil Practice Act (Ga. L. 1966, pp. 609, 659; Code Ann. § 81A-155 (b)) provides: 'At any time before final judgment, the court in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of a plea or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and announce ready to proceed with the trial.' This section is substantially the same as the old law embodied in former Code § 110-404.

"When the defendant here complied with the requirements of Section 55 (b) of the Civil Practice Act, and the trial judge from all of the facts determined 'that a proper case had been made for the default to be opened,' we cannot, under the facts, say that the trial judge abused his discretion even though there was no providential cause or excusable neglect. See *Brawner v. Maddox,* 1 Ga. App. 332, 337 (58 SE 278), where this court, in reference to the old statute said: 'The wording of § 5072 is such that it conveys very ample powers as to opening defaults; not only providential cause, which is broad, and excusable neglect, which is still broader, but finally, as if reaching out to take in every conceivable case where injustice might result if the default were not opened, the section goes on to say, "where the judge from all the facts shall determine that a proper case has been made," etc. We

cannot say that the learned judge abused the discretion as insisted by plaintiff in error.' See also *Butler & Co. v. Strickland-Tillman Hardware Co.,* 15 Ga. App. 193 (82 SE 815); and *Strickland v. Galloway,* 111 Ga. App. 683 (143 SE2d 3) followed in *Clements v. United Equity Corp.,* 125 Ga. App. 711 (188 SE2d 923)." *Foster Co. v. Livingston,* 127 Ga. App. 317, 318 (193 SE2d 626), certiorari denied by,this court.

2. The opening of the default caused no delay in the trial of this case, resulting in harm or prejudice to the plaintiff, as the record reveals that the injunctive relief sought by plaintiff has been granted on an interlocutory basis by the trial judge who opened the default in the case. Under these circumstances, we cannot say the trial judge abused his discretion in permitting the default to be opened under the third ground of the statute so that the case can be finally determined on its merits as contended by both parties. Cf. *Cate v. Harrell,* 128 Ga. App. 219 (196 SE2d 155). Therefore, the judgment of the trial court will be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1974 — DECIDED
SEPTEMBER 24, 1974.

*Gershon, Ruden, Pindar & Olim, Barry L. Katz,* for appellant.

*Barber & Hooper, William H. Barber,* for appellee.

