36978, 36979. COPELAND v. CARTER; and vice versa.

JORDAN, Chief Justice.

On June 26, 1979, Martha Thomas Carter, 79 years old, filed a complaint in the Wayne Superior Court against Richard Copeland in which she alleged that Copeland had recorded a deed conveying certain lands from herself to Copeland, and that Copeland had conspired with an unknown imposter to forge her signature to said deed. Carter prayed that the deed be set aside and that attorney's fees and punitive damages be awarded.

Copeland did not file an answer. Instead, on November 30, 1979, Copeland filed a motion to open the default which the trial court subsequently granted on the grounds that Copeland's failure to timely file an answer had been the result of excusable neglect and that the other conditions of Code Ann. § 81A-155 (b) had been fulfilled. Following trial, the jury returned a verdict setting the deed aside and awarding Carter $3,000 for attorney fees.

Carter appeals the trial court's grant of Copeland's motion to open the default, and Copeland appeals a series of allegedly erroneous rulings by the trial court during trial.

We affirm the trial court in all instances.

1. Carter enumerates three errors regarding the trial court's grant of Copeland's motion to open the default: Copeland's failure to pay the costs prior to the *hearing* on the motion (Carter concedes that Copeland paid the costs prior to the trial court's *grant* of the motion), and, the failure of the facts sworn to by Copeland in his verified motion to open the default to establish either a meritorious defense or excusable neglect.

Assuming a movant's compliance with the other conditions in Code Ann. § 81A-155 (b), a trial court is authorized to grant a motion to open a default so long as the movant has paid the costs prior to the grant of said motion. Cf. *Sweat v. Mohr & Sons,* 21 Ga. App. 93 (94 SE 79) (1917) (held: trial court is without discretion to grant a motion to open a default when the movant has only offered to pay the costs upon the motion being granted).

By verified answer, Copeland swore to the following facts: On or about June 11, 1979, Copeland and Carter went before Notary Public Paul Scott and executed, in the presence of one other person, a warranty deed conveying certain lands from Carter to Copeland. These facts constitute a meritorious defense to Carter's allegations that Copeland had conspired with an unknown imposter to forge her signature to the deed.

Regarding Carter's complaint that the facts sworn to by Copeland in his verified motion to open the default failed to establish

excusable neglect, and that the trial court therefore erred in opening the default on that ground, we note first that Code Ann. § 81A-155 (b) states three grounds upon which a trial court may open a default: providential cause, excusable neglect, and a proper case. Accordingly, although the trial court in the present case opened the default on the ground of excusable neglect, this court will affirm the trial court's decision to open the default if the record sustains said decision under any of the three noted grounds. See, *Collins v. McPhail,* 213 Ga. 626 (100 SE2d 445) (1957).

. In the present case, the trial judge found as a fact that Copeland's failure to timely answer had not been the consequence of wilful or gross negligence and that Carter had not been prejudiced by Copeland's delay. The record supports these findings of fact. Accordingly, we hold that the trial court did not abuse its discretion, under the "proper case" ground, in granting Copeland's motion to open the default. *Axelroad v. Preston,* 232 Ga. 836 (209 SE2d 178) (1974); *Houston v. Lowes of Savannah, Inc.,* 136 Ga. App. 781 (222 SE2d 209) (1975); *Lanier v. Foster,* 133 Ga. App. 149 (210 SE2d 326) (1974); *Cate v. Harrell,* 128 Ga. App. 219 (196 SE2d 155) (1973); *Foster Co. v. Livingston,* 127 Ga. App. 317 (193 SE2d 626) (1972); see *Houston v. Lowes of Savannah,* 235 Ga. 201 (219 SE2d 115) (1975).

2. Having reviewed the enumerations of error raised by Copeland, and the record relevant thereto, we affirm the trial court in every instance.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 1981.

*Albert E. Butler,* for appellant.
*W. Glover Housman, Jr., Hubert H. Howard, Elvita Ham, Janice Browning,* for appellee.