A98A1676. YEAZEL et al. v. BURGER KING CORPORATION.
(511 SE2d 237)

McMurray, Presiding Judge.

Plaintiff-appellee Burger King Corporation ("BKC"), successor to the Wheeler Organization, Inc., brought this "COMPLAINT FOR MONEY PAID BY MISTAKE" against defendant-appellants Rita D. Yeazel and Jack H. Yeazel, seeking to recover approximately $39,300, representing sums allegedly overpaid by BKC to defendants as a portion of minimum base rent pursuant to a commercial lease, as amended, of property in Cobb County, Georgia. Defendants admitted the existence of the lease and amendments but defended on the basis that any alleged overpayments were non-recoverable voluntary payments, per OCGA § 13-1-13. Defendants further counterclaimed, in part to reform the amended lease to establish a base or minimum monthly rent of $4,000, "to be increased by five per cent (5%) annually [allegedly] pursuant to the term of the Amendment." After discovery, the trial court heard several motions and on March 6, 1998, entered an order denying defendants' motion for summary judgment and granting plaintiff's motion for declaratory judgment as to the non-existence of any breach of contract, directing that BKC "pay all unpaid, if any, and future rents according to the calculations provided in the amendment." The trial court further determined that BKC was not liable (obligated?) "for any overpayment made after [this suit was commenced, and ordered that] any money [defendants] received above what the Court has determined to be owing [under the amended lease] needs to be repaid to [BKC]. [But the] Court [concluded it was] without sufficient information to determine these amounts [and ordered] counsel for the parties [to] calculate the amount, if any, to be repaid[, and to] submit the proposed calculation to the Court within sixty days of . . . the entry of this order." From this order, defendants bring this direct appeal. *Held*:

"It is the duty of this Court on its own motion to inquire into its jurisdiction. [Cit.]" *Reliance Ins. Co. v. Cobb County*, 235 Ga. App. 685 (1) (510 SE2d 129). Direct appeals may be taken to the Court of Appeals of Georgia from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below, except as provided in Code Section 5-6-35[.]" OCGA § 5-6-34 (a) (1). Assuming, but not deciding, that the pending controversy authorized a declaratory judgment directing that BKC would not be in breach of the lease by paying future rent according to an amendment, nevertheless, the order granting that declaration is not a final judgment because the controversy remains pending below. See *Dowdy v. White*, 119 Ga. App. 793 (168 SE2d 595). Consequently, that portion of the non-final order granting declaratory judgment is not directly appealable. The denial of defendants' motion for summary judgment also is not indepen-

dently directly appealable. Compare *Stallings v. Chance*, 239 Ga. 567 (238 SE2d 327). "The record before us failing to show that a final judgment has been entered or that a certificate of immediate review was granted . . . this appeal is premature and must be dismissed. *Mathews v. Fidelcor Mtg. Corp.*, 144 Ga. App. 140 (240 SE2d 758)." *Bowers v. Price*, 168 Ga. App. 125, 126 (308 SE2d 420).

*Appeal dismissed. Blackburn and Eldridge, JJ., concur.*

DECIDED JANUARY 27, 1999.

*Meadows, Ichter & Trigg, Craig M. Frankel*, for appellants.

*Eastman, Stapleton & Apolinsky, Stephen D. Apolinsky*, for appellee.

