A02A0578. WALLACE v. LEWIS.
(558 SE2d 810)

ELDRIDGE, Judge.

In 1997, appellant-defendant Steve Wallace purchased property in north Atlanta, razed the existent dwelling thereon, and built a new home into which he later moved his wife and family. As the work progressed, next-door neighbor appellee-plaintiff Sue Lewis complained to Wallace that run-off water was being diverted onto her property. However, these complaints were to no avail, and, on November 14, 2000, Lewis filed the instant unverified complaint and petition for damages and injunctive relief. Lewis averred, among other things, that "[f]or more than two years, Wallace realized the impact of his actions and made no effort to remedy the problem," and that Wallace's actions were in the nature of a private nuisance, pertinently praying for damages and an interlocutory injunction. Wallace filed an untimely answer to the complaint that was not verified, and default occurred on December 6, 2000. Lewis and Wallace thereafter filed motions for default judgment and to open default, respectively, and, on May 22, 2001, approximately three weeks after its hearing on the motions, the superior court granted default judgment to Lewis, ruled that run-off from Wallace's property constituted a private nuisance, ordered the nuisance abated upon means to be determined at a later damages hearing, and ordered an interlocutory injunction restraining and enjoining Wallace from any additional property mod-

---

ifications which would disturb the status quo until such hearing. Wallace appeals[1] the injunction entered against him as granted without giving him notice or an opportunity to be heard contrary to OCGA § 9-11-65 (a). Finding this claim of error to be without merit, we affirm. *Held*:

Wallace correctly points to OCGA § 9-11-65 (a) as requiring notice to the adverse party and a hearing on disputed issues of fact before an interlocutory injunction may issue. *Williams v. Tritt*, 262 Ga. 173, 174-175 (2) (415 SE2d 285) (1992). However, as an equity action in default and valid on its face, the instant case is not one in which there are disputed issues of fact.

> While in a civil action, not in equity, where the case is in default, the plaintiff is entitled to a default judgment as a matter of law without the introduction of any evidence except as to unliquidated damages, yet in equity cases which involve harsher remedies a determination must be first made that, admitting every allegation . . . as true, the plaintiff is entitled to the relief sought. This presents a question of law for the court. . . . Once such a determination has been made that, accepting the allegations of the plaintiff's claim as true, he is entitled to a decree, then such decree must be entered.

*Times-Journal, Inc. v. Jonquil Broadcasting Co.*, 226 Ga. 673, 676 (2) (177 SE2d 64) (1970).

Lewis averred multiple actions on Wallace's part causing water to be diverted unnaturally from his property to hers, i.e., the demolition of a pre-existent home, the construction of a new home, extensive attendant landscaping, and a new drainage system directing run-off from front and back driveways and a 10,000-square-foot roof to her property. Lewis further averred that, from the inception of his activities, she continuously complained to Wallace and that, for more than two years, Wallace made no effort to ameliorate the drainage problem. These allegations of Lewis' claim, taken as true, were sufficient to authorize Lewis the relief she sought. *Times-Journal, Inc. v. Jonquil Broadcasting Co.*, supra; see *Tyler v. Lincoln*, 272 Ga. 118, 121 (1) (527 SE2d 180) (2000) (failure to take appropriate steps to control the flow of surface water from one's property to that of another, despite repeated requests that the problem be corrected,

---

[1] Wallace filed his appeal in the Supreme Court of Georgia which subsequently transferred the case to this Court as presenting an issue of law, i.e., whether appellant's actions constituted a nuisance, rather than a claim in equity. *Redfearn v. Huntcliff Homes Assn.*, 271 Ga. 745 (524 SE2d 464) (1999); *Douglas v. Wages*, 271 Ga. 616 (523 SE2d 330) (1999).

may constitute a continuing nuisance); see also *Central of Ga. R. Co. v. Americus Constr. Co.*, 133 Ga. 392, 398 (1) (65 SE 855) (1909) (" 'An essential fact to be averred and proved when an abatement of a nuisance is sought is that the annoyance and loss complained of will be continuous or recurrent, for the occurrences of nuisances, if temporary and occasional only, are not grounds for interference by injunction except in extreme cases.' [Cit.]").

The superior court, as a matter of law, having properly determined that the waters draining upon Lewis' property constituted a nuisance upon Wallace's default, the interlocutory injunction which Lewis sought was required in balancing the equities between the parties. *Times-Journal, Inc. v. Jonquil Broadcasting Co.*, supra. Under these circumstances, the requirements for notice and a hearing under OCGA § 9-11-65 (a) (1) as prerequisites to the grant of an interlocutory injunction are not controlling because by default the defendant is deemed to have caused the harm which he is not allowed to deny. See *Cooper v. Brock*, 77 Ga. App. 152, 156 (1) (48 SE2d 156) (1948) (defendant in default estopped from contesting the merits). Further, the interlocutory injunction here in issue did no more than preserve the status quo by prohibiting further construction. See *Price v. Empire Land Co.*, 218 Ga. 80, 85 (126 SE2d 626) (1962) (interlocutory injunction a remedy to prevent a party from leaving another damaged without adequate remedy while their respective rights are under adjudication). Trial courts enjoy broad discretion in determining whether a request for interlocutory injunction should be granted or denied. OCGA § 9-5-8; *Avnet, Inc. v. Wyle Laboratories*, 263 Ga. 615, 617 (1) (437 SE2d 302) (1993). Appellate courts are not at liberty to disturb such a ruling on appeal in the absence of a manifest abuse of discretion or for lack of any supporting evidence. *Kennedy v. W. M. Sheppard Lumber Co.*, 261 Ga. 145, 146 (1) (401 SE2d 515) (1991). Because the grant of the interlocutory injunction in this case is legally required, we affirm.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED JANUARY 14, 2002.

*Constangy, Brooks & Smith, Robert D. Ware, Ashlee J. Mann*, for appellant.

*Powell, Goldstein, Frazer & Murphy, John W. Harbin, Simon H. Bloom*, for appellee.