## A03A2001. STANDRIDGE v. SPILLERS et al.

(587 SE2d 862)

BLACKBURN, Presiding Judge.

Michael Standridge ("Standridge"), as executor of the estate of Mildred J. Standridge and as administrator of the estate of Robert E. Standridge, appeals the denial of his motion for default judgment against Hazel Standridge Spillers and Will Ernest Standridge. Standridge contends that the court below erred by: (1) denying his motion for default judgment because the allegations of his complaint, which were admitted by default by Hazel Standridge Spillers and Will Ernest Standridge, required judgment for Standridge; and (2) allowing Hazel Standridge Spillers and Will Ernest Standridge to introduce evidence on the issue of liability. For the reasons set forth below, we affirm.

This dispute concerns a parcel of land located in Taylor County. The property was acquired in 1943 by Willie Foster Standridge, the father of Robert E. Standridge, Hazel Standridge Spillers ("Spillers"), and Will Ernest Standridge. Willie Foster Standridge died in 1976, leaving a life estate in the property to his wife, Lucille Ivey Standridge, and the remainder to his three children. Upon the death of Lucille Ivey Standridge in 1993, Robert E. Standridge, Spillers, and Will Ernest Standridge each owned a one-third undivided interest in the property.

On March 29, 1995, Robert E. Standridge deeded his interest in the property to his wife, Mildred J. Standridge, by quitclaim deed. On June 30, 1995, Robert E. Standridge and Mildred J. Standridge executed separate powers of attorney in favor of their daughter Kathy S. Mays ("Mays"). Both powers of attorney authorized Mays

> [t]o sell, mortgage, encumber, convey, rent, lease, pledge, or otherwise dispose of, by deed with or without warranty, bill of sale, contract or otherwise, any property real or personal, which we may own [or] hereafter acquire, located in the State of Georgia, for cash or upon such terms as said attorney in fact may deem advisable, and to execute appropriate

deeds, conveyances or other instruments including contracts for that purpose.

On July 21, 1995, Mays, as attorney in fact for Robert E. Standridge and Mildred J. Standridge, conveyed the property by warranty deed to her aunt and uncle, Spillers and Will Ernest Standridge. The consideration for this deed was a $20,000 money order made payable to Mildred Standridge. Spillers and Will Ernest Standridge later sold timber from the property, receiving $63,521 as compensation.

Mays' brother, Michael Standridge, as executor of the estate of Mildred J. Standridge and as administrator of the estate of Robert E. Standridge, filed this action in 1999. The complaint contains two counts. The first count seeks to recover the property in question and the rents and profits generated by the property from Spillers and Will Ernest Standridge. The second count, brought against Mays only, alleges the conversion of certain personal property belonging to the estate of Robert E. Standridge.

Although each defendant was served with the complaint, only Mays filed an answer.[1] Standridge requested that the court below schedule a hearing "for default judgment and hearing on damages." Subsequently, Standridge dismissed the complaint without prejudice as to Mays.

After the case was dismissed without prejudice for Standridge's failure to appear at the scheduled hearing, and after the dismissal was vacated by the court below, Standridge renewed his motion for default judgment against his aunt, Spillers, and his uncle, Will Ernest Standridge. Hazel Standridge Spillers and Will Ernest Standridge filed a brief opposing the motion for default judgment and provided documents establishing the chain of title to the property. The court below heard argument of Standridge's motion for default judgment on February 6, 2003.[2] On May 5, 2003, the court below entered an order denying Standridge's motion for default judgment.

1. Before turning to the merits, we must first examine this Court's jurisdiction over this appeal. "It is the duty of this Court on its own motion to inquire into its jurisdiction." (Citation and punctuation omitted.) *Yeazel v. Burger King Corp.*[3] If this Court finds that it has no jurisdiction over an appeal, it has the authority to dismiss the appeal on its own motion. *Trammel v. Clayton County Bd. of Commrs.*[4] Our jurisdiction is granted by Ga. Const. 1983, Art. VI, Sec. V,

---

[1] There was a dispute, which is not germane to this appeal, as to whether Mays' answer was timely filed.

[2] No transcript of the hearing appears in the record. It is unclear whether either side offered evidence at the hearing.

[3] *Yeazel v. Burger King Corp.*, 236 Ga. App. 110 (511 SE2d 237) (1999).

[4] *Trammel v. Clayton County Bd. of Commrs.*, 250 Ga. App. 310, 311-312 (551 SE2d 412) (2001).

Par. III, and defined by statute.[5] An appeal which does not fall within this Court's jurisdiction must be dismissed for lack of jurisdiction. *Lowe v. Payne.*[6]

Standridge brings this appeal stating that "it is an appeal of a final judgment." However, the record reveals that the order Standridge appeals denied his motion for default judgment. "Our law distinguishes between a default, which involves an interlocutory matter, and a default judgment, which represents final judicial action and the vesting of rights." (Punctuation omitted.) *Lanier v. Foster.*[7] Normally, the denial of a motion for default judgment is not a final adjudication but is an interlocutory ruling which is not directly appealable. *Ware v. Handy Storage.*[8] As Standridge has not complied with the interlocutory appeal procedures established by OCGA § 5-6-34 (b), generally this appeal would have to be dismissed. Id.

> However, "even though an order does not specify that it is a grant of final judgment, it nevertheless constitutes a final judgment within the meaning of (OCGA § 5-6-34 (a) (1)) where it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court."

*Vurgess v. State of Ga.*[9] See also *Forrister v. Manis Lumber Co.*[10]

The court below explicitly denied the relief requested by Standridge. The order denying Standridge's motion for default judgment made findings of fact which bar the relief requested by Standridge. The order denying Standridge's motion for default judgment left no issues remaining to be resolved and constituted that court's final ruling on the merits of the action. The court below left the parties with no further recourse in that court. In such circumstances, the order denying Standridge's motion for default judgment is a final judgment and this appeal is within the jurisdiction of this Court. *Vurgess,* supra.

2. Standridge contends that the court below should have granted his motion for default judgment because the allegations of his complaint, admitted by the failure of Spillers and Will Ernest Standridge to file an answer,[11] required judgment for Standridge. We disagree.

---

[5] OCGA § 5-6-34.
[6] *Lowe v. Payne,* 130 Ga. App. 337 (203 SE2d 309) (1973).
[7] *Lanier v. Foster,* 133 Ga. App. 149, 153 (3) (210 SE2d 326) (1974).
[8] *Ware v. Handy Storage,* 222 Ga. App. 339 (474 SE2d 240) (1996).
[9] (Citation omitted.) *Vurgess v. State of Ga.,* 187 Ga. App. 700 (1) (371 SE2d 191) (1988).
[10] *Forrister v. Manis Lumber Co.,* 232 Ga. App. 370, 371 (1) (501 SE2d 606) (1998).
[11] See OCGA § 9-11-55 (a).

While in a civil action, not in equity, where the case is in default, the plaintiff is entitled to a default judgment as a matter of law without the introduction of any evidence except as to unliquidated damages, yet in equity cases which involve harsher remedies a determination must be first made that, admitting every allegation . . . as true, the plaintiff is entitled to the relief sought. This presents a question of law for the court.

*Wallace v. Lewis.*[12] Although a default operates as an admission of the well-pled factual allegations of the complaint, "it does not admit allegations not well pled, forced inferences, or conclusions of law." *ServiceMaster Co. v. Martin.*[13] Default does not preclude the defendant(s) from showing that under the facts as deemed admitted, no claim exists which would allow the plaintiff to recover. Id.

The relevant portions of Standridge's complaint are paragraphs seven and eight. Paragraph seven states:

Plaintiff shows that Defendant Mays was acting as attorney in fact for Robert E. Standridge in accordance with an alleged power of attorney dated June 30, 1995, a copy of which is attached hereto as Exhibit B. Plaintiff shows that, in accordance with the terms of the said power of attorney, Defendant Mays did not have the right or power to convey any property belonging to Robert E. Standridge. Furthermore, Plaintiff urges that the aforesaid power of attorney was and is void.

Paragraph eight states: "[b]ased on the above, Plaintiff shows that the warranty deed referred to as Exhibit A is void and of no effect."

The evidence of record in this case shows that, even if these allegations are accepted as fact, Standridge would not be entitled to judgment. Standridge's complaint alleges that Mays exceeded the authority granted to her in the power of attorney from Robert E. Standridge, that the power of attorney from Robert E. Standridge was void, and that "based on the above" the deed executed by Mays is void.

Mays signed the warranty deed transferring the property as attorney in fact for both Robert E. Standridge and Mildred J. Standridge. The evidence of record shows that the warranty deed's inclusion of a conveyance on behalf of Robert E. Standridge was surplusage. At the time that both the power of attorney and the warranty

---

[12] *Wallace v. Lewis*, 253 Ga. App. 268, 269 (558 SE2d 810) (2002).
[13] *ServiceMaster Co. v. Martin*, 252 Ga. App. 751, 752 (1) (556 SE2d 517) (2001).

deed were executed, Robert E. Standridge had already transferred his interest in the property to his wife, Mildred J. Standridge. The warranty deed conveyed only the interest of Mildred J. Standridge in the property, as Robert E. Standridge had no interest in the property to convey.

Deeming the power of attorney from Robert E. Standridge to Mays void does not change this result. Mays derived her authority to convey the property under the power of attorney granted by her mother, Mildred J. Standridge, and not under the power of attorney granted by her father, Robert E. Standridge. Standridge's complaint contains no allegations that Mays exceeded the authority granted to her by Mildred J. Standridge or that the power of attorney from Mildred J. Standridge was void. Under these circumstances, the court below did not err in denying Standridge's motion for default judgment.

Standridge argues that the court below should have read a portion of paragraph eight of his complaint, "[p]laintiff shows that the warranty deed referred to as Exhibit A is void and of no effect," in isolation and that this language required a finding that the warranty deed is void. We construe the language of the pleading according to its literal meaning and giving its words their usual and ordinary significance. *Robinson v. Star Gas of Hawkinsville*.[14] "Liberal construction of a pleading does not encompass the imputation or engrafting to a claim of a meaning not reasonably deducible or inferable from the explicit language of the pleading." *McCombs v. Southern Regional Med. Center*.[15]

We are not free to ignore the first clause of paragraph eight of Standridge's complaint. The full sentence states: "Based on the above, Plaintiff shows that the warranty deed referred to as Exhibit A is void and of no effect." The plain meaning of this sentence is that the warranty deed is void for the reasons shown above in paragraph seven of the complaint. Once the evidence showed that paragraph seven of the complaint did not compel the conclusion that the warranty deed was void, the court below was free to reject the conclusion contained in paragraph eight of Standridge's complaint. *ServiceMaster*, supra at 752-753 (default does not admit allegations not well pled, forced inferences, or conclusions of law).

The record also reveals an independent ground that required the court below to deny Standridge's motion for default judgment. "Equity will not decree the cancellation of an instrument where any-

---

[14] *Robinson v. Star Gas of Hawkinsville*, 243 Ga. App. 112, 115-116 (533 SE2d 97) (2000).
[15] *McCombs v. Southern Regional Med. Center*, 233 Ga. App. 676, 681 (2) (504 SE2d 747) (1998).

thing of value has been received until repayment is either made or tendered, or the defendant has stated that, should a tender be made, it would be refused." (Punctuation omitted.) *Craft's Ocean Court v. Coast House Ltd.*[16] Such a tender is a condition precedent to an action seeking cancellation of a deed. *Head v. Walker*[17] ("[r]estoration should precede or accompany the decree of rescission rather than follow it").

The record shows that Spillers and Will Ernest Standridge paid $20,000 to Mildred J. Standridge as consideration for the property. The record does not show that Standridge tendered this amount to Spillers and Will Ernest Standridge or that they refused such a tender. Standridge's complaint does not allege that such a tender was made or refused. Standridge has failed to fulfill a condition precedent to an equitable action for cancellation of a deed. The court below was authorized to deny his motion for default judgment as a result of the failure.

3. Standridge contends that the court below should not have allowed Spillers and Will Ernest Standridge to introduce evidence on the issue of liability in opposition to his motion for default judgment. We do not agree. Before granting equitable relief in a default judgment, the court below was obligated to determine whether the complaint in this action justified such relief. *Wallace*, supra. See also *Times-Journal, Inc. v. Jonquil Broadcasting Co.*[18] The court below was authorized to hear evidence in fulfilling this obligation:

> [B]efore entry of default judgment, trial or hearing on the merits for final relief is held in a suit for declaratory judgment or injunction or both, and the defendant appears and opposes the relief sought, the trial court may treat the evidence adduced as constituting the answer of the defendant and refuse to enter declaratory or injunctive relief by default if any evidence adduced would authorize judgment in favor of the defendant.

(Punctuation omitted.) *Hazzard v. Phillips.*[19] Because the evidence revealed that Standridge was not entitled to have the warranty deed set aside, the court below did not err in denying his motion for default judgment.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

---

[16] *Craft's Ocean Court v. Coast House Ltd.*, 255 Ga. 336, 337 (1) (338 SE2d 277) (1986).

[17] *Head v. Walker*, 243 Ga. 108, 111 (252 SE2d 440) (1979).

[18] *Times-Journal, Inc. v. Jonquil Broadcasting Co.*, 226 Ga. 673, 676 (2) (177 SE2d 64) (1970).

[19] *Hazzard v. Phillips*, 249 Ga. 24, 26 (3) (287 SE2d 191) (1982).

*Lane & Jarriel, Thomas F. Jarriel*, for appellant.
*Edward N. Davis*, for appellees.