# Court of Appeals
# of the State of Georgia

ATLANTA,  January 30, 2024

*The Court of Appeals hereby passes the following order:*

## A24A0668.  KAMAL NAYANI v. AMINA HASSANALI et al.

Kamal Nayani appeals from the trial court's August 18, 2023 order (1) denying his motion for reconsideration of the court's order granting the defendants' motion for judgment on the pleadings, and (2) awarding the defendants $20,000 in OCGA § 9-15-14 (b) attorney fees. The defendants have moved to dismiss the appeal, arguing that we lack jurisdiction. We agree.

In 2019, Nayani sued Amina Hassanali, Amina Medical Consultant, P.C., and Amina Property, LLC (the "Defendants"), asserting claims of fraud and breach of contract against Hassanali and Amina Property; a claim of breach of fiduciary duty against Hassanali; a demand for an accounting against all three Defendants; and a claim for the judicial dissolution of Amina Medical Consultant. He alleged, among other things, that Hassanali committed fraud to induce him to purchase shares in Amina Medical Consultant, her professional corporation. The Defendants asserted counterclaims for breach of contract; fraud; a declaratory judgment regarding Nayani's duty to comply with his obligations under the contract and whether the contract was illegal; and attorney fees and costs.

Hassanali and Amina Property also moved for partial summary judgment. The trial court granted summary judgment to the Defendants on Nayani's claims for fraud against Hassanali and Amina Property; breach of contract against Amina Property; breach of fiduciary duty against Hassanali; an accounting as to all Defendants; and judicial dissolution of Amina Medical Consultant. On appeal, this Court affirmed, holding that Nayani could not pursue his claims because the contract to purchase

shares in the professional corporation was void under Georgia law as Nayani is not licensed to practice medicine.[1]

Following this Court's decision, the Defendants filed in the trial court a motion for judgment on the pleadings as to Nayani's remaining claim for breach of contract against Hassanali and his ancillary claim for attorney fees. Thereafter, and without leave of court, Nayani filed an amended complaint, amending his claim for breach of contract to a claim for unjust enrichment.

On March 25, 2022, the trial court entered an order granting the Defendants' motion for judgment on the pleadings and determining that Nayani's amended complaint was not properly filed and therefore null and void (the "March 2022 order"). The court determined that Nayani's effort to amend the complaint nearly three years after commencing the case, and after this Court had affirmed the trial court's summary judgment ruling, could not be maintained. The court noted that Nayani failed to request leave of court to amend the complaint, and the court was not inclined to grant leave to amend the complaint because doing so would further prolong this case that had essentially been adjudicated. Finally, the trial court indicated that the Defendants could submit a brief for attorney fees within 10 days of the entry of the order.

On March 28, 2022, Nayani filed his own motion for judgment on the pleadings, asserting that the Defendants' counterclaims also failed because the underlying contract was void, and a motion for reconsideration and to vacate the March 2022 order. On April 4, 2022, the Defendants filed a motion for attorney fees under OCGA § 9-15-14 and OCGA § 13-6-11. Following a hearing, the court entered the August 18, 2023 order denying Nayani's motion for reconsideration and awarding

---

[1] See *Nayani v. Hassanali*, 362 Ga. App. 313, 315 (1), (2) (868 SE2d 465) (2022). See also OCGA § 14-7-5 (a) ("Shares in a professional corporation may only be issued to, held by, or transferred to a person who is licensed to practice the profession for which the corporation is organized and who, unless disabled, is actively engaged in such practice as an active practicing member of the issuing corporation . . . .").

the Defendants $20,000 in OCGA § 9-15-14 (b) attorney fees (the "August 2023 order"). On September 16, 2023, Nayani filed this appeal, seeking review of the August 2023 order.

As set forth above, the Defendants have filed a motion to dismiss the appeal. In response to the motion to dismiss, Nayani argues that the March 2022 order was not final because the Defendants' counterclaims remained pending. He further contends that the trial court designated its August 2023 order as a final order.

As an initial matter, although the August 2023 order was denominated as a final order, "there is no magic in nomenclature. A document is to be construed by its substance or function, rather than by its name."[2] Thus, we are not persuaded that the August 2023 order was a final order merely due to its caption. Rather, in determining whether an order is final, we look to its substance.[3]

If, as Nayani contends, the March 2022 order was not final because the Defendants' counterclaims remained pending, then the August 2023 order would also not be final for the same reason, in which case Nayani's appeal would be subject to dismissal as premature.[4]

But in light of this Court's determination in the previous appeal that the contract here was void, and Nayani could not pursue his claims, then the trial court's statement in the March 2022 order that Nayani could not amend his complaint,

---

[2] *Dolinger v. Driver*, 269 Ga. 141, 142 (1) (498 SE2d 252) (1998).

[3] See *Standridge v. Spillers*, 263 Ga. App. 401, 403 (1) (587 SE2d 862) (2003).

[4] In a case involving multiple parties or multiple claims, if there is no final judgment, "there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). [If] neither of these code sections [is] followed, the appeal is premature and must be dismissed." (Citations and punctuation omitted). *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). The trial court's August 2023 order did not direct the entry of judgment pursuant to OCGA § 9-11-54 (b), and Nayani did not follow the interlocutory appeal procedures of OCGA § 5-6-34 (b).

further prolonging this case that had essentially been adjudicated; and the trial court's indication in the March 2022 order that the only remaining issue to be determined was any potential attorney fees motion filed by the Defendants, the March 2022 was in fact a final order.[5] In that case, Nayani's notice of appeal, filed 540 days after the trial court entered the March 2022 order, was untimely.[6]

Although Nayani filed a motion for reconsideration within 30 days of the March 2022 order, motions for reconsideration do not extend the time for filing an appeal from an underlying decision, and an order resolving the motion for reconsideration is not itself a directly appealable judgment.[7]

Finally, Nayani is not entitled to a direct appeal from the award of OCGA § 9-15-14 attorney fees because appeals of such awards must be taken by application for discretionary review.[8]

---

[5] See *Low v. Swift,* 367 Ga. App. 874, 876 (889 SE2d 122) (2023).

[6] See OCGA § 5-6-38 (a) (notice of appeal must be filed within 30 days of entry of an appealable order or judgment); *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012) ("The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on an appellate court.") (citation and punctuation omitted).

[7] See *Ferguson v. Freeman*, 282 Ga. 180, 181 (1) (646 SE2d 65) (2007); *Bell v. Cohran*, 244 Ga. App. 510, 510 (536 SE2d 187) (2000).

[8] OCGA § 5-6-35 (a) (10); *Capricorn Systems v. Godavarthy*, 253 Ga. App. 840, 841-842 (560 SE2d 730) (2002). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).

Accordingly, the defendants' motion to dismiss is **GRANTED** and this appeal is hereby **DISMISSED**.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   01/30/2024*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*