## 48577. LIVESAY v. KING et al.

EBERHARDT, Presiding Judge. Virginia Livesay brought an action against Curtis A. King, J. L. Allen, and others, seeking to recover damages for personal injuries alleged to have been negligently inflicted upon her by the defendants. King was served with a copy of the petition and summons September 19, 1972, and Allen was so served September 21, 1972. On November 9, 1972, King and Allen filed a motion to open the default existing by reason of their having failed to file defensive pleadings within the time required by law, and on the same date an order was entered reciting that *"upon good cause shown,* it is ordered that the defendants be allowed to pay the accrued court costs and the default judgment[1] [sic] set aside, and the defendants file defensive pleadings." There is no certificate of service of the application or motion, and we assume that there was none.

On March 29, 1973, plaintiff moved that the matter be reconsidered, that the order of November 9, 1972, opening the default, be vacated and the defensive pleadings be stricken. A rule nisi was entered, to be heard May 7, 1973, and on that date the matter was heard by arguments of counsel only, no evidence being introduced, and an order was entered: "After hearing argument of counsel for both sides, [the] within motion is hereby overruled. This May 7, 1973." This order was certified for appeal and is now before us upon enumerations of error that (a) the plaintiff was entitled to a default under Sec. 55 of the Civil Practice Act as a matter of law, and (b) the defendants had failed to follow the prescribed procedure for opening a default. *Held:*
On appeal it is urged that the court committed error in granting,

---

[1]No default *judgment* appears in the record, and the application simply recited that "said case is now in default," that there had been excusable neglect, that defendants had meritorious defenses, and the prayer was that, upon payment of the costs, "the default be opened."

ex parte, the order opening the default and permitting defendants to plead. While the rules relative to the opening of defaults are to be applied with more liberality prior to the entering of a judgment than afterward (*Strickland v. Galloway,* 111 Ga. App. 683, 685 (143 SE2d 3)), we do not think this can be extended to the handling of an application and granting of an order without prior notice.

The rule of fair play suggests at the outset that one who moves the court to change the status of a pending matter, such as the opening of a default in order that defendant may plead, should serve the opposite party with a copy of the motion and of a rule nisi which the court should enter thereon, thus affording to the opposite party a fair opportunity to object or to defend against the proposed action. Cf. *City of Cedartown v. Pickett,* 194 Ga. 508, 512 (3) (22 SE2d 318); *Howard v. Howard,* 203 Ga. 782, 784 (3) (48 SE2d 451).

Section 6 (d) of the Civil Practice Act (Code Ann. § 81A-106 (d)) provides that "A written motion other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing, unless a different period is fixed by this Title or by order of the court."

Provision for the opening of a default is found in Code Ann. § 81A-155, a reading of which reveals that "In order to allow the default to be thus opened, the showing shall be made under oath . . ." It is not specifically provided that a hearing must be held on the application, but the language indicates that a hearing is contemplated. Certainly nothing in § 81A-155 provides that the default may be opened by an ex parte order, nor do we think it should be done.

The motion has been timely filed. We reverse and remand the matter to the trial court so that it may enter a rule nisi and let it proceed in accord with the rule of fair play, as above suggested.

*Reversed and remanded. Pannell and Stolz, JJ., concur.*

ARGUED SEPTEMBER 6, 1973 — DECIDED SEPTEMBER 27, 1973.

*Moffett & Henderson, John C. Grabbe, IV,* for appellant.
*James L. Mayson, H. G. McBrayer, Jr.,* for appellees.