## 69725. LEATHERS v. TIMEX CORPORATION.
(330 SE2d 102)

BIRDSONG, Presiding Judge.

The appellant, Turner Leathers, appeals pro se from the grant of a motion for judgment on the pleadings to defendant, Timex Corporation. Leathers was an employee of Timex. His complaint alleges that on or about April 1, 1975, he retired from his employment with defendant. He avers that at that time he received "assurances" from the executive vice-president of Timex that although he was retiring in

April 1975 his pension would be computed under the new pension plan which was to go into effect on January 1, 1976. Leathers said he was not familiar with the amount of money he should be receiving but had been told it would be $9,600 per year and he was receiving only $6,900 per year. He made inquiry of Timex for a period of two years to determine what was the basis for his pension and it was not until July 1977, that he received an explanation and discovered that he was not being paid under the pension plan which went into effect on January 1, 1976, but was paid under the old and less favorable pension plan in effect on the date of his retirement in 1975.

Plaintiff filed this action on March 11, 1983. His attorney consented to an indefinite extension of time to Timex to answer because they needed to research records dating back from five to fifteen years. Leathers dismissed his counsel before the judge in chambers and Leathers' discharged counsel advised Timex that the trial court had directed defendant's answer be filed within 30 days. Timex timely filed its answer, including inter alia, the defense that plaintiff's claim was barred by the statute of limitations. Timex later moved for judgment on the pleadings on the basis that plaintiff's claim was barred by the four-year statute of limitations on oral contracts under OCGA § 9-3-25. The trial court granted defendant's motion and plaintiff brings this appeal pro se. *Held*:

1. Appellant, in his brief, attaches the affidavits of the Regional and District Sales Managers of Timex, specially made and presented for inclusion in this appeal. The record does not contain these affidavits. "The burden is on the party alleging error to show it affirmatively by the record." *Shepherd v. Shepherd*, 225 Ga. 455, 457 (169 SE2d 314). A brief cannot be used in lieu of the record for adding evidence to the record. *Lowery v. Horn*, 147 Ga. App. 880 (251 SE2d 840); *Finley v. Franklin Aluminum Co.*, 132 Ga. App. 70, 71 (207 SE2d 543); *Maloy v. Dixon*, 127 Ga. App. 151, 154 (193 SE2d 19). We are required to take our evidence from the record and not from the brief of either party. Testimony of these affiants will not be considered.

2. Facts alleged in the complaint "are constructive admissions in favor of the defendant. . . . The plaintiff by introducing them in his bill, and making them a part of the record, precludes himself from disputing their truth, whether they be true or false. The allegations and admissions of the complainant's bill are, therefore, evidence against him. [Cits.]" *Reynolds v. Estate of Reynolds*, 238 Ga. 1, 3 (230 SE2d 842), U. S. cert. den. 430 U. S. 968. Plaintiff's complaint admitted he retired on April 1, 1975. This action was filed on March 11, 1983, more than seven years and seven months after his retirement. Plaintiff alleged that his entitlement to be retired under the 1976 pension plan was based on an oral contract of the Timex Vice-

President. The statute of limitations for bringing an action on an oral contract is four years. OCGA § 9-3-25 (formerly Code Ann. § 3-706); *Piedmont Life Ins. Co. v. Bell*, 103 Ga. App. 225, 233 (3) (119 SE2d 63). The statute of limitations runs from the time the contract is broken and not the time actual damages result or are ascertained. *Space Leasing Assoc. v. Atlantic Bldg. Systems*, 144 Ga. App. 320, 324 (241 SE2d 438). See *Dolanson Co. v. C & S Nat. Bank*, 242 Ga. 681, 682 (251 SE2d 274). The mere ignorance of facts constituting the cause of action does not prevent the running of the statute. *Comerford v. Hurley*, 154 Ga. App. 387, 388 (268 SE2d 358); *Everhart v. Rich's*, 229 Ga. 798 (3) (194 SE2d 425). However, Leathers argues in his brief, but not in his complaint, that the fraud of the defendant should toll the statute. It is true that fraud can toll the statute of limitations but it must be such which debars and deters the plaintiff from bringing his action. *Webb v. Lewis*, 133 Ga. App. 18, 21 (209 SE2d 712). Here, plaintiff knew for certain in July 1977, that his pension was computed under the old pension plan and he failed to bring his action until March 1983, more than five and one-half years after discovery of the alleged fraud. The trial court did not err in granting defendant judgment on his motion on the pleadings.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED MARCH 11, 1985 —
REHEARING DENIED APRIL 1, 1985.

Turner Leathers, *pro se.*
Byron Attridge, L. Joseph Loveland, Jr., Robert D. Hayes, for appellee.