73782. DENNIS v. NATIONAL BANK OF GEORGIA.
(356 SE2d 563)

Benham, Judge.

Appellee National Bank of Georgia sued appellant Dennis on March 8, 1986, for an $8,000 dishonored check. Appellant was served on March 18, but did not file an answer. On April 25, appellee filed an amended complaint, which was also not answered. On May 22, appellant filed a motion to open default, claiming that he had prepared a timely answer and discovery which was served on appellee, but had inadvertently failed to file the original answer with the court. After both parties had filed briefs on the default issue, the trial court denied appellant's motion and entered judgment in appellee's favor on its $8,000 claim. Appellant would have us reverse the denial of his motion. We affirm.

1. Appellant's enumeration of error asks the question, "Is this a proper case to open default?" Our answer is no. OCGA § 9-11-55 (b) states, "At any time before final judgment, the court, in its discretion, *upon payment of costs,* may allow the default to be opened . . . where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court." (Emphasis supplied.)

Appellant does not indicate, nor do we find anything in the record to show, that appellant met his statutory obligation to pay the costs before the trial court ruled upon his motion. There is only a showing that he offered to pay them if his motion were granted. In absence of the actual payment, the court could not allow default to be opened. "Assuming a movant's compliance with the other conditions in [OCGA § 9-11-55 (b)], a trial court is authorized to grant a motion to open a default so long as the movant has paid the costs prior to the grant of said motion. [Cit.] . . . [The] trial court is without discretion to grant a motion to open a default when the movant has only offered to pay the costs upon the motion being granted. . . ." *Copeland v. Carter,* 247 Ga. 542 (1) (277 SE2d 500) (1981). The trial court did not err in denying appellant's motion to open default.

2. Appellant's second enumeration of error asks the question, "Was appellant entitled to a hearing on his motion to open default?"

He argues that Rule 6.3 of the Uniform Rules for the Superior Court (253 Ga. 798, 817) may conflict with *Livesay v. King*, 129 Ga. App. 751 (201 SE2d 178) (1973), a pre-Rules case, on the question whether or not the trial court is required to conduct a hearing on a motion to open default.

The reasoning and rationale of *Spikes v. Citizens State Bank*, 179 Ga. App. 479 (1) (347 SE2d 310) (1986), applies in the situation before us. Here, as there, appellant filed his motion and the parties filed briefs, but did not request an oral hearing. The trial court ruled on appellant's motion after both sides had filed their briefs and supporting material. This is clearly not a case in which the trial court ruled ex parte or without a hearing as was done in *Livesay*, as appellant suggests. A "hearing" does not always mean oral argument, but may be "by means of the trial court's review of the parties' contentions as filed." *Spikes* at 480. Under Rule 6.3, appellant need only have requested an oral hearing, and it would have been granted. Appellant's situation differs from *Livesay* in that both parties here had ample opportunity to respond to or defend against the proposed action. The trial court did not err in ruling as it did, based on the material in the record.

Appellant would have this court consider additional material, stipulated to by appellee's counsel and included in appellant's brief, as a basis for reversing the trial court's findings. We cannot consider the material, as it was never filed with the trial court and was not a part of the record sent to this court by the clerk of the trial court. The stipulation of opposing counsel as to its relevance and authenticity does not affect our decision. We must take our evidence from the record. *Leathers v. Timex Corp.*, 174 Ga. App. 430 (1) (330 SE2d 102) (1985); *Powell v. Griffith*, 38 Ga. App. 40 (1) (142 SE 466) (1928).

*Judgment affirmed. Birdsong, C. J., and Carley, J., concur. Banke, P. J., disqualified.*

DECIDED APRIL 15, 1987.

*Fred A. Gilbert*, for appellant.
*Mark A. Baker, Lee S. Alexander*, for appellee.