74358. OSTUNI BROTHERS, INC. et al. v. FULTON COUNTY DEPARTMENT OF PUBLIC WORKS et al.
74359. STYNCHCOMBE et al. v. OSTUNI BROTHERS, INC.
74360. DUBAC v. OSTUNI BROTHERS, INC. et al.
(361 SE2d 668)

BENHAM, Judge.

Appellant Ostuni Brothers, Inc. ("Ostuni Bros.") owned property in Fulton County against which water line and tapping permit fees had been assessed by appellee Fulton County Department of Public Works ("DPW"). Ostuni Bros. failed to pay the assessment, and in late December 1983, Roslyn Baron of the Fulton County Department of Planning & Community Development issued a fi. fa. against the property. In February 1984, a letter was sent to Robert Ostuni, President of Ostuni Bros., notifying him that the fi. fa. would be sent to the Fulton County Sheriff's Department for sale if the assessment was not paid. In late March 1984, Mr. Ostuni met with Mrs. Baron about the matter and gave her a check in payment for the fees. Ostuni's account did not contain sufficient funds to cover the check, but at Mr. Ostuni's request, Mrs. Baron agreed to hold it for approximately one week, during which time a property closing was to take place and the funds were to be made available to cover the check. Mrs. Baron held the check for almost two months, and when she finally deposited it for collection in May 1984, it was returned for insufficient funds. In

mid-June, Mrs. Baron turned the fi. fa. over to the sheriff's department for collection, and in August 1984, the sheriff sold the property to John Dubac.

Ostuni Bros. filed suit after the sale to have it set aside, alleging that insufficient notice was given to Bank South, a lienholder on the property. The trial court set the sale aside and cancelled Dubac's deed on April 22, 1985, and Ostuni Bros. then sought damages against the DPW, Sheriff Stynchcombe, Baron, and Dubac for the alleged wrongful sale of the property. The defendants filed motions for summary judgment, and on June 23, 1986, the trial court granted the DPW's motion, denied Stynchcombe's and Baron's motions, and granted Dubac's motion. Ostuni Bros. appeals from the grant of summary judgment to the DPW and Dubac (Case No. 74358); Stynchcombe and Baron cross-appeal from the denial of their motions (Case No. 74359); and Dubac cross-appeals from the denial of his earlier motion to dismiss (Case No. 74360).

1. In Case No. 74358, appellant Ostuni Bros. first enumerates as error the trial court's grant of summary judgment to appellee DPW, arguing that the doctrine of sovereign immunity does not apply. We disagree. Sovereign immunity extends to the State and all of its political subdivisions, including its counties, departments, and agencies, unless such immunity is expressly waived by constitutional provision or legislative enactment. 1983 Ga. Const., Art. I, Sec. II, Par. IX; *Toombs County v. O'Neal*, 254 Ga. 390 (330 SE2d 95) (1985). "A county is not liable to suit for any cause of action unless made so by statute." OCGA § 36-1-4. Appellant having made no showing of a waiver of immunity, the trial court did not err in dismissing the DPW as a party to Ostuni Bros.' suit.

Appellant also argues that the DPW was liable for Ostuni Bros.' alleged loss because the county's attempt to sell the property for the unpaid fees constituted a taking of private property for public use without just compensation. This contention has no merit, as no such taking of Ostuni Bros.' property for "public use" occurred. Public use is defined as the right of the public to use the property in question (*Dept. of Transp. v. Livaditis*, 129 Ga. App. 358, 362 (199 SE2d 573) (1973)), and the only person who would have a right to use the property was Dubac.

2. Ostuni Bros. also takes issue with the trial court's grant of summary judgment to Dubac, the purchaser of the property. Ostuni Bros. sought actual and punitive damages against Dubac for conversion, trespass of title, slander of title, and abusive litigation. In support of his motion for summary judgment, Dubac submitted affidavits to the effect that he had acted in good faith in purchasing the property; that he had relied on the presumption that the sheriff was properly performing his duties concerning the sale; that he had decided to

defend against the lawsuit on the advice of his attorney; and that there had appeared to be a possibility that the underlying deed to secure debt may have been paid off before the sale. On appeal, Ostuni Bros. attempts to refute Dubac's affidavits by relying on a deposition that was neither filed with the trial court nor included in the record on appeal. In reviewing the trial court's decision, we cannot consider the deposition, attached to Ostuni Bros.' brief as Exhibit "A," for we must take our evidence from the record. *Dennis v. Nat. Bank of Ga.*, 182 Ga. App. 634 (2) (356 SE2d 563) (1987); *Leathers v. Timex Corp.*, 174 Ga. App. 430 (1) (330 SE2d 102) (1985). Since the record indicates that Dubac met his burden of proof and Ostuni Bros. did not carry the burden when it shifted from Dubac, the trial court's grant of summary judgment to Dubac was proper.

3. In Case No. 74359, cross-appellants Stynchcombe and Baron contend that they were entitled to a grant of summary judgment against Ostuni Bros., based on Fulton County's sovereign immunity. Ostuni Bros. takes the opposite stance. Since the DPW is immune from suit, as affirmed in Division 1 of this opinion, former Sheriff Stynchcombe is likewise immune. " 'Any suit against an officer or agent of the State, in his official capacity, in which a judgment can be rendered controlling the action or property of the State in a manner not prescribed by statute, is a suit against the State . . .' and cannot be maintained without its consent. [Cit.]" *Hennessy v. Webb*, 245 Ga. 329, 330 (264 SE2d 878) (1980). There being no such consent, there is no basis for the suit against Stynchcombe, as all of the actions about which Ostuni Bros. complains were performed in his official capacity as Sheriff of Fulton County, and he was sued in that capacity alone. As for Mrs. Baron, we agree that she is entitled to qualified immunity. The record reflects that her actions in issuing the fi. fa., agreeing to hold Robert Ostuni's check for a short period of time at his request to allow him to deposit sufficient funds to cover it, depositing the check over a month later, and submitting the fi. fa. to the Fulton County Sheriff's office for levy were all discretionary acts within the scope of her duties as an accountant in charge of the water and sewer assessments for the Fulton County Department of Planning & Community Development. " '[W]here an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him, he is sometimes called a quasi-judicial officer, and when so acting he is usually given immunity from liability to persons who may be injured as a result of an erroneous decision; provided the acts complained of are done within the scope of the officer's authority, and *without wilfulness, malice, or corruption.*' " *Hennessy v. Webb*, supra at 330-331. No showing was made of wilfulness, malice, or corruption on Mrs. Baron's part, and so she is entitled to a grant of summary judgment by dint of her immunity. See *Vickers v. Motte*, 109 Ga.

App. 615, 617 (137 SE2d 77) (1964).

4. The cross-appeal filed by Dubac (Case No. 74360) enumerates as error one of the trial court's previous orders in which it denied Dubac's motion to dismiss Ostuni Bros.' complaint for failure to do equity. This enumerated error is moot, since the trial court granted Dubac's motion for summary judgment against Ostuni Bros. and made it a final judgment as to those parties. The cross-appeal is, therefore, dismissed. OCGA § 5-6-48 (b).

5. All motions for the imposition of frivolous appeal sanctions are denied.

*Judgment affirmed in Case No. 74358. Judgment reversed in Case No. 74359. Appeal dismissed in Case No. 74360. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 9, 1987 —
REHEARING DENIED OCTOBER 1, 1987 — 

*Michael Weinstock, J. Patrick McCrary*, for Ostuni Bros.
*Richard H. Sinkfield, Franklin N. Biggins, Catherine M. Bennett*, for Stynchcombe et al.
*Roy J. Leite, Jr.*, for Dubac.