## A97A1859. STEWART et al. v. TURNER.
### (493 SE2d 251)

BLACKBURN, Judge.

Norma June Stewart and Shannon M. Stewart (collectively defendants) appeal the entry of default judgment against them, contending that the court erred in denying their motion to open default and in ruling on the motion without a hearing. They also contend that the court erred in entering default judgment against the minor Shannon Stewart without appointing a guardian ad litem.

On October 2, 1996, Robert S. Turner, as personal representative of the estate of Mae Turner Aderholt, filed a complaint against Norma June Stewart and her minor daughter, Shannon Stewart. The complaint alleged that Norma June Stewart fraudulently obtained a power of attorney from Aderholt, transferred certain of Aderholt's real property to Shannon Stewart, and transferred certain personal property to herself. The complaint sought the rescission of such transfers as well as actual and punitive damages against both defendants. On October 4, 1996, Norma June Stewart, individually and as Shannon's mother and guardian, signed an acknowledgment of service. Shannon also signed the acknowledgment of service.

Although defendants' attorney appeared at depositions after the complaint was filed, defendants did not file an answer to the complaint. On January 30, 1997, the trial court signed a default judgment setting aside the various conveyances but reserving the issue of damages for a later hearing. However, this judgment was not entered by the clerk until February 3, 1997.[1] On January 31, 1997, after the

---

[1] "Until entered in accordance with the provisions of OCGA § 9-11-58 (b), a judgment is inchoate and of no effect for any purpose." *Zeitman v. McBrayer*, 201 Ga. App. 767 (2) (a)

default judgment was signed but before it was entered, defendants filed a motion to open default. On February 4, 1997, after the default judgment was entered, defendants filed a motion to strike and stay the judgment. On March 10, 1997, the trial court entered an order denying the motion to open default and providing that the default judgment entered on February 3, 1997, remained in full effect.

1. Defendants contend the trial court erred in ruling on their motion to open default without holding a hearing.

Uniform Superior Court Rule 6.3 provides that "[u]nless otherwise ordered by the court, all motions in civil actions . . . shall be decided by the court without oral hearing, except motions for new trial and motions for judgment notwithstanding the verdict." The rule also requires oral argument on motions for summary judgment upon proper written request. An earlier version of Rule 6.3 also provided that "[o]ral argument on any motion shall be permitted upon written request." However, this provision was deleted by amendment effective May 7, 1987. Accordingly, unless a hearing is specifically required by Rule 6.3, a trial court's failure to conduct a hearing will not constitute reversible error absent abuse of discretion. See *Datz v. Brinson*, 208 Ga. App. 455, 456 (4) (430 SE2d 823) (1993).

We note that defendants did not request a hearing when they filed their motion to open default. In their motion to strike and stay the default judgment, they requested a hearing on the motion to open default, although they did not file a separate pleading requesting such hearing. Compare USCR 6.3 (request for oral argument on summary judgment motion must be "made in a separate pleading . . . entitled 'Request for Oral Hearing' "). Nevertheless, even if defendants' pleading constitutes a request for an oral hearing, the court was not required to grant such request, as this case does not involve a motion for summary judgment, for a new trial, or for judgment n.o.v. See *Johnson v. Lomas Mtg. USA*, 201 Ga. App. 562, 564 (2) (411 SE2d 731) (1991) ("Rule 6.3 authorized the court to refuse oral argument as to Johnson's remaining motions [other than motion for summary judgment]").

Contrary to defendants' assertions, *Livesay v. King*, 129 Ga. App. 751 (201 SE2d 178) (1973), does not conflict with Rule 6.3 and does not change the result in this case. In *Livesay*, which was decided prior to the adoption of the Uniform Superior Court Rules, we held that it was error to grant a defendant's motion to open a default pursuant to an ex parte order. Id. at 752. However, we did not hold that a party seeking to open a default was automatically entitled to an oral hearing upon request. Thus, *Livesay* does not conflict with Rule 6.3.

(412 SE2d 287) (1991).

Nor does *Dennis v. Nat. Bank of Ga.*, 182 Ga. App. 634 (356 SE2d 563) (1987) require a different result. In that case, we noted that "[u]nder Rule 6.3, appellant need only have requested an oral hearing [on his motion to open default], and it would have been granted." Id. at 635. However, that case was decided prior to the May 7, 1987 amendment deleting the requirement that a hearing be held upon request. Accordingly, the trial court did not err in failing to hold a hearing on the motion to open default.

2. Defendants contend the trial court erred in denying their motion to open the default. "Under OCGA § 9-11-55 (b), a prejudgment default may be opened on one of three grounds *if* four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. This court has previously held that the 'showing' required by this Code section to be made 'under oath' includes the showing of a 'meritorious defense.' Generally, the opening of a default rests within the sound discretion of the trial court. However, compliance with the four conditions is a condition precedent; in its absence, the trial judge has no discretion to open the default." (Citations and punctuation omitted; emphasis in original.) *C. W. Matthews Contracting Co. v. Walker*, 197 Ga. App. 345, 346 (1) (398 SE2d 297) (1990). "The sole function of an appellate court reviewing a trial court's [denial] of a motion to open default is to determine whether all the conditions set forth in OCGA § 9-11-55 have been met and, if so, whether the trial court abused its discretion based on the facts peculiar to each case." *Majestic Homes v. Sierra Dev. Corp.*, 211 Ga. App. 223, 224 (1) (438 SE2d 686) (1993).

The trial court in this case did not err in refusing to open the default under OCGA § 9-11-55 (b), as defendants failed to show under oath the existence of a meritorious defense. Defendants did not submit an affidavit in support of their motion to open default and did not attach a verified answer to their motion. The motion recited that "[t]he Defendants have a meritorious defense in that their actions were lawful and not in violation of any duty," and defendants' attorney filed a certificate stating that the facts set forth in the motion were true and correct. However, apart from the fact that this statement was not verified by the defendants, but only by their attorney, such conclusory statement cannot constitute the showing of a meritorious defense required to open default. "While there is no requirement that the affidavit contain 'great detail' concerning the defense, some factual information must be provided." (Citation omitted.) *Ellerbee v. Interstate Contract Carrier Corp.*, 183 Ga. App. 828, 835 (4) (360 SE2d 280) (1987).

Moreover, defendants failed to offer to plead instanter. Although the motion to open default recites that an answer was attached thereto, no such answer was in fact attached, and no answer appears in the record. Cf. *Grayson & Hollingsworth, Inc. v. C. Henning Studios*, 194 Ga. App. 531, 532-533 (391 SE2d 8) (1990) (proposed answer, although attached to motion, not sufficient because not verified). Because defendants failed to satisfy the four conditions for opening default, the trial court did not err in refusing to open the default under OCGA § 9-11-55 (b).

3. Defendants contend that the court erred in entering judgment against the minor child, Shannon Stewart, without appointing a guardian ad litem for such child.[2]

OCGA § 29-4-7 provides that "[w]hen a minor is interested in any litigation pending in any court in this state and he has no guardian or his interest is adverse to that of his guardian, such court may appoint a guardian ad litem for the minor." "A trial court exercises discretion whether to appoint a guardian ad litem pursuant to the provisions of OCGA §§ 29-4-7 and 9-11-17 (c). . . . [A] guardian ad litem need not be appointed for a minor who has a regular guardian, except in case the interest of the minor is adverse to that of his guardian." (Punctuation omitted.) *Dee v. Sweet*, 224 Ga. App. 285, 287-288 (1) (480 SE2d 316) (1997).

In this case, it appears that the interests of the minor, Shannon, may be adverse to those of her mother. From a review of the complaint, it appears that the acts of fraud alleged by plaintiff were committed by the mother, and that Shannon, whose age is not apparent, may have been merely an unwitting recipient of the mother's fraudulent transfer. Therefore, although her mother acted fraudulently in transferring Aderholt's assets to Shannon, Shannon was not a party to the fraud. Although the transfer of the real estate to Shannon could be rescinded on account of the mother's fraud, Shannon might not be personally liable for damages. Moreover, although Shannon's age is not apparent from the record, we note that a minor below the age of criminal responsibility is immune from liability for a tort. *Barrett v. Carter*, 248 Ga. 389 (283 SE2d 609) (1981); OCGA § 51-11-6.

Since the complaint shows that Shannon's interests may be adverse to those of her mother, the trial court had an affirmative duty, prior to entering judgment against the child, to exercise its discretion in determining whether the appointment of a guardian ad

---

[2] There is no contention that Shannon was not properly served with the lawsuit. In order to perfect service on a minor, service must be made on "the minor, personally, and also to his father or his mother or his guardian or his duly appointed guardian ad litem." OCGA § 9-11-4 (d) (3). In the acknowledgment of service, both Shannon and her mother acknowledged service of the summons and complaint.

litem was necessary to protect the child's interests. The fact that the mother did not move for appointment of a guardian ad litem does not change this duty, since, if her interests are adverse to Shannon's, her failure to request a guardian cannot waive Shannon's right to representation. As the trial court failed to exercise its discretion in the first instance, we remand this case to the trial court for exercise of such discretion. If the court determines that appointment of a guardian is necessary, the judgment against Shannon shall be vacated. If the court determines that appointment of a guardian is not necessary, the judgment against Shannon shall stand affirmed, subject to Shannon's right to appeal such determination. Nothing in this ruling affects the validity of the default judgment with respect to the mother, which stands affirmed.

*Judgment affirmed in part and remanded. Pope, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 3, 1997 — 

*Sean A. Black*, for appellants.
*Adams, Clifton, Sanders & Smith, Janney E. Sanders*, for appellee.