A03A1719. RED TRAIN, INC. et al. v. HARRIS.
(586 SE2d 738)

ELDRIDGE, Judge.

On December 28, 2000, plaintiff-appellee Carl S. Harris filed his personal injury complaint for damages against defendant-appellant Red Train, Inc., individually, and Red Train, Inc. d/b/a Café Red Train a/k/a Red Train Café and Hong Pae Kim a/k/a Kevin Kim, individually. Harris alleged negligence in Kim for failure to remove Daton Marion, a patron, from the café after Marion verbally accosted him; failure to protect him from being shot by Marion when Marion later fired multiple handgun shots in the café after getting into a dispute with another customer; and failure to exercise ordinary care in keeping the café safe for invitees under OCGA § 51-3-1.

Kim, individually, was served with a copy of the summons and complaint on January 4, 2001, but failed to timely answer. The 15 days within which Kim could have paid costs and opened default as a matter of right expired on February 20, 2001. See OCGA § 9-11-55 (a). On February 26, 2001, Kim paid costs and filed his answer and motion to open default. Kim appeals from the Cobb County State Court's denial of such motion, entered on July 18, 2001, and, following the trial thereon, from the award of damages in the amount of $98,700.[1] *Held*:

1. Kim first contends that the state court erred in denying his motion to open default for his compliance with OCGA § 9-11-55 (b). Under OCGA § 9-11-55 (b), a prejudgment default may be opened upon a showing of either providential cause, excusable neglect, or proper case subject to first satisfying four conditions precedent: (1) a "showing made under oath, (2) offer[ing] to plead instanter, (3) announc[ing] ready to proceed with trial, and (4) setting up a meritorious defense." (Citation and punctuation omitted.) *Forrister v. Manis*

---

[1] In addition to the award of damages, the state court awarded costs of $56.50.

*Lumber Co.*, 232 Ga. App. 370, 373 (3) (501 SE2d 606) (1998). Generally, whether a default should be opened is a matter which lies within the sound discretion of the trial court. However, each of the conditions precedent must be met. Otherwise, discretion in the trial judge to open the default does not arise. *Stewart v. Turner*, 229 Ga. App. 119, 121 (2) (493 SE2d 251) (1997).

Kim supported his motion to open default by showing under oath, an announcement of ready to proceed to trial, and a statement of good and meritorious defenses to the claims set forth in the complaint. Pretermitting whether the latter, illiteracy leading Kim to believe that the complaint was against the café as a corporation and not him personally, was pled sufficiently, see *Pinehurst Baptist Church v. Murray*, 215 Ga. App. 259, 261 (450 SE2d 307) (1994) (facts pled must show essential elements of defense), Kim made no offer to plead instanter. This, because the motion to open default and attachments thereto were not inclusive of an answer to Harris' complaint. *Stewart v. Turner*, supra at 122. Kim thus having failed to plead *each* of the conditions precedent for opening default, the state court did not err in declining to open the default under OCGA § 9-11-55 (b).

2. As to the trial on damages, Kim contends that the state court erred in admitting plaintiff's Exhibits 4-13 over his best evidence objection. Exhibit 4 was a business record reflecting the cost of transporting Harris to the hospital by ambulance following the shooting, and Exhibits 5-13 were Harris' medical bills. The record shows that Kim's claim of error as to Exhibit 4 is waived on appeal, the exhibit as admitted in evidence without objection. See *Smith v. State*, 268 Ga. 42, 43 (3) (485 SE2d 189) (1997) (review of the admission of independent act evidence waived by failure to object to the evidence when offered). Further, the instant claim of error as supported on appeal by argument, reference to the record, and citation of authority only with respect to plaintiff's Exhibits 5-8, Kim has abandoned any claim of error regarding plaintiff's Exhibits 9-13. Court of Appeals Rule 27 (c) (2). Finally, that Harris testified that plaintiff's Exhibits 5-8 were exact duplicates of original medical bills in his possession is undisputed in the record. "OCGA § 24-5-4 (a) requires that '(t)he best evidence which exists of a writing sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for.' " *Fantasia v. State*, 268 Ga. 512, 514-515 (3) (491 SE2d 318) (1997). OCGA § 24-5-4 (a) as here satisfied, the state court did not abuse its discretion in admitting photocopies of plaintiff's Exhibits 5-8. Id. at 515.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

Decided August 21, 2003.

*David W. Graybeal, Jr.*, for appellants.

*Mann & Moran, Teresa A. Mann, Tracey A. Moran*, for appellee.