**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**November 13, 2019**

# In the Court of Appeals of Georgia

A19A1175. LEEPER et al. v. SAFEBUILT GEORGIA, INC.          DO-042

DOYLE, Presiding Judge.

Jeffrey and Ashley Leeper filed suit in Fulton County Superior Court against Safebuilt Georgia, Inc., and other defendants, asserting various claims arising out of the construction of their home. The Leepers subsequently voluntarily dismissed the Fulton County action and refiled the case in Gwinnett County Superior Court. After filing an untimely answer, Safebuilt moved to extend the time to answer and/or to open default, and the trial court granted the motion on both grounds and certified its order for immediate review. The Leepers challenge the trial court's order in this interlocutory appeal. For the reasons that follow, we affirm.

The record shows that in December 2017, the Leepers filed suit in Fulton County Superior Court against Safebuilt (as indemnitor for the City of Milton) and

several other defendants, including their builder, asserting claims arising out of the construction of their Milton home. The Leepers alleged that Safebuilt, which provided inspection services throughout the construction process pursuant to an agreement with the City, breached the contracts between Safebuilt and the City by failing to identify various defects and code violations during its inspections.[1] They also alleged claims against "all [d]efendants" for negligent construction, breach of express warranties, breach of implied warranties, and deceptive trade practices. Later that same month, the Leepers voluntarily dismissed the Fulton County action without prejudice.[2]

On December 26, 2017, the Leepers refiled the case in Gwinnett County Superior Court; they served Safebuilt's agent with a copy of the summons and verified complaint on December 28, 2017. Nevertheless, in February 2018, the

---

[1] The Leepers allege that they are the "intended third-party beneficiaries to the contracts between Safebuilt and Milton."

[2] In brief on appeal, the Leepers explain that they filed their original case in Fulton County because they believed the registered agent for Safebuilt was located there. Once they learned that the registered agent was in fact in Gwinnett, because they had not yet served Safebuilt, they dismissed the Fulton case and refiled in Gwinnett County. Safebuilt does not dispute that it was not served, and in fact notes the Leepers' failure to file an affidavit of service in the Fulton County case despite Safebuilt's request that it do so. The appellate record does not contain an affidavit of service on Safebuilt in the Fulton County case.

Leepers and Safebuilt, through counsel, filed a stipulation in the Fulton County action extending the deadline for Safebuilt to file an answer. On February 13, 2018, Safebuilt filed an answer in Fulton County, and it responded to the Leepers' discovery requests in that case the same month.

On May 18, 2018, upon learning that the Leepers had refiled their case in Gwinnett County, counsel for Safebuilt immediately asked counsel for the Leepers to stipulate in the Gwinnett case "to correct the record and get everything that had been filed in the Fulton County action by Safebuilt [filed] in the Gwinnett County [c]ase." The Leepers' counsel refused to so stipulate, and instead, on May 21, 2018, moved for a default judgment against Safebuilt in the Gwinnett County case. The following day, Safebuilt filed an unverified answer, and on June 8, 2018, it filed an emergency motion to open default or to extend the time to answer. Safebuilt asserted that (a) it never received notice of the dismissal of the Fulton County action, (b) it first learned of the Gwinnett County action in May 2018,[3] and (c) due to a

___

[3] Counsel for Safebuilt averred in an affidavit that: "I believed that the Fulton County [c]ase was the only case pending against Safebuilt until May 18, 2018. While I may have received documents with a Gwinnett County style, I thought the style was an error. . . . Plaintiffs' counsel and Safebuilt's counsel were in the midst of resolving a discovery dispute in May 2018 when Safebuilt's counsel was made aware of the Gwinnett County [c]ase."

misunderstanding and mistake on the part of both Safebuilt and the Leepers, all of Safebuilt's prior filings had been submitted in the Fulton County action.

The trial court granted Safebuilt's motion to open default pursuant to OCGA § 9-11-55 (b) on the ground of excusable neglect and, alternatively, also granted the motion for an extension of time to file its answer pursuant to OCGA § 9-11-6 (b) for the same reason. The court observed in the order that Safebuilt had paid costs and pleaded a meritorious defense under oath, and the Leepers would not be prejudiced by opening the default and lacked "clean hands" given their superior knowledge of the dismissal of the Fulton County action. The trial court subsequently certified its order for immediate review, and this appeal followed.

1. *Motion to open default*. The Leepers argue that the trial court erred by granting Safebuilt's motion to open default. We disagree.

Unless otherwise provided by statute, a defendant in a civil case must file an answer within 30 days of service of the summons and complaint upon the defendant.[4] If an answer is not filed within the time required by the Civil Practice Act, "the case

---

[4] See OCGA § 9-11-12 (a).

shall automatically become in default unless the time for filing the answer has been extended as provided by law."[5]

> Under OCGA § 9-11-55 (b), a prejudgment default may be opened on one of three grounds *if* four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. This [C]ourt has previously held that the "showing" required by this Code section to be made "under oath" includes the showing of a "meritorious defense." Generally, the opening of a default rests within the sound discretion of the trial court. However, compliance with the four conditions is a condition precedent; in its absence, the trial judge has no discretion to open the default.[6]

"The rule permitting opening of default is remedial in nature and should be liberally applied, for default judgment is a drastic sanction that should be invoked only in extreme situations. Whenever possible cases should be decided on their merits [because] default judgment is not favored in law."[7]

---

[5] OCGA § 9-11-55 (a).

[6] (Citations and punctuation omitted; emphasis in original.) *Stewart v. Turner*, 229 Ga. App. 119, 121 (2) (493 SE2d 251) (1997).

[7] (Citation and punctuation omitted.) *Johnson v. American Natl. Red Cross*, 253 Ga. App. 587, 589 (1) (569 SE2d 242) (2002).

(a) *Statutory conditions precedent.* In support of its motion to open default, Safebuilt filed affidavits of its attorney averring that Safebuilt offered to plead instanter and was ready to proceed to trial without delay, subject to its right to file a motion to dismiss. The Leepers do not challenge the trial court's ruling that Safebuilt met those three conditions precedent to opening default. Instead, they argue on appeal that Safebuilt failed to set up a meritorious defense.

The requirement that a defendant set up a meritorious defense "does not require a defendant to show that it will completely defeat plaintiff[s'] claim; rather, the defendant must demonstrate that if relief from default is granted, the outcome of the suit may be different from the result if the default stands."[8] Here, Safebuilt's attorney averred under oath in two separate but nearly identical affidavits that

> Safebuilt's meritorious defenses include but are not limited to the following:
>
> a. [s]overeign immunity derived from its relationship and agency with the City of Milton;

---

[8] (Punctuation omitted.) Id. at 590 (1), quoting *Exxon Corp. v. Thomason*, 269 Ga. 761, 761 (1) (504 SE2d 676) (1998) ("By not requiring a showing that the defendant will completely defeat plaintiff's claim, we remain consistent with the strong public policy of this state favoring resolution of cases on their merits.").

b. Safebuilt provided inspections properly; and

c. [m]any of the asserted negligent construction claims are inapplicable to Safebuilt due to the nature of Safebuilt's business and services and lack of privity with [the Leepers].

Safebuilt's argument that it was entitled to sovereign immunity is without merit.[9] And the attorney's averment that "Safebuilt provided inspections properly" is conclusory and insufficient to set up a meritorious defense.[10] However, the attorney's

---

[9] "'The doctrine of sovereign immunity, also known as governmental immunity, protects all levels of governments from legal action unless they have waived their immunity from suit.'" *Watts v. City of Dillard*, 294 Ga. App. 861, 862 (1) (670 SE2d 442) (2008). Under the Georgia Tort Claims Act ("GTCA"), sovereign immunity applies only to governmental officers and employees engaged in "the performance or nonperformance of their official duties or functions." OCGA § 50-21-21 (b). And OCGA § 50-21-22 (7) specifically excludes "an independent contractor doing business with the [S]tate [or other governmental agency entitled to sovereign immunity]" from the definition of "officer or employee" for purposes of the GTCA. This Court has held that "corporations and independent contractors doing business with the State are not included within the GTCA's definition of 'employee.'" *Ga. Dept. of Transp. v. Wyche*, 332 Ga. App. 596, 600 (1) (774 SE2d 169) (2015). Here, Safebuilt was acting as an independent contractor working for the City when it undertook the inspections at issue in the case, and the inspection contract explicitly provides that Safebuilt "is engaged in an independent business and agrees to perform the services as an independent contractor and not as the agent or employee of the City." Thus, Safebuilt is not entitled to sovereign immunity. See id. at 601 (1).

[10] See *Stewart*, 229 Ga. App. at 121 (2) (affirming the denial of motion to open default because the "conclusory" statement in the motion that "'the [d]efendants have a meritorious defense in that their actions were lawful and not in violation of any duty' . . . cannot constitute the showing of a meritorious defense required to open default").

third argument — that the Leepers' negligent construction claims fail — does set up a meritorious defense.

The affidavits do not explain the nature of the services Safebuilt provided to the Leepers, but the construction contract attached to the Leepers' complaint is between the Leepers and defendant Pyramid Builders Group, and it makes no mention of Safebuilt. And the contract between the City of Milton and Safebuilt, which was attached as an exhibit to one of the affidavits, demonstrates that Safebuilt contracted with the City to provide inspection services. Although inartfully worded and lacking "great factual detail," the attorney's affidavits, along with the contracts, were sufficient to support a determination by the trial court that Safebuilt demonstrated a meritorious defense as to the Leepers' negligent construction claims for purposes of opening default pursuant to OCGA § 9-11-55 (b).[11]

---

[11] *Johnson*, 253 Ga. App. at 590 (1) (the defendant "presented defenses including failure to state a claim upon which relief can be granted, assumption of the risk, and [the plaintiff's] consent to the [procedure]. Although these defenses were not set out in great factual detail, they are sufficient to satisfy OCGA § 9-11-55 (b).") (punctuation omitted). See also *Summerville v. Innovative Images, LLC*, 349 Ga. App. 592, 604-605 (2) (a) (826 SE2d 391) (2019) (affirming the trial court's order opening default because the verified answer asserting that the case was subject to arbitration set up a meritorious defense). Here, in its unverified answer, Safebuilt alleges that "it did not perform any construction work for the [Leepers]." Pretermitting whether an unverified answer can support a meritorious defense, in light of Safebuilt's affidavits and the contracts in the record, we need not consider the answer in reaching this conclusion.

(b) *The "excusable neglect" ground*. The trial court found that Safebuilt's failure to file a timely answer in the Gwinnett action constituted excusable neglect. We find no abuse of discretion in this ruling.

When reviewing the trial court's ruling, we note that

the sole function we have as an appellate court reviewing a trial court's grant of a motion to open default is to ascertain whether all of the conditions delineated in OCGA § 9-11-55 have been satisfied and, if so, whether the trial court abused its discretion based on the facts peculiar to each case. And because the public policy of this state strongly favors resolution of cases on their merits, the remedial provisions for opening a default are to be forgivingly applied. For this reason, a default should generally be set aside when the defendant acts with reasonable promptness and alleges a meritorious defense, so as to avoid a drastic sanction that should be invoked only in extreme situations. In sum, once the four preconditions have been satisfied by a defendant, the trial court is vested with broad discretion in determining whether to open a default on the [excusable neglect] ground, and we will not disturb a trial court's decision on this matter absent an abuse of its discretion.[12]

Some of the factors to consider when determining whether opening default is appropriate include:

---

[12] (Footnotes and punctuation omitted.) *Strader v. Palladian Enterprises, LLC*, 312 Ga. App. 646, 649 (719 SE2d 541) (2011).

whether and how the opposing party will be prejudiced by opening the default; whether the opposing party elected not to raise the default issue until after the time under OCGA § 9-11-55 (a) had expired for the defaulting party to open default as a matter of right; and whether the defaulting party acted promptly to open the default upon learning no answer had been either filed or timely filed. Further, any additional delay occasioned by a failure to file promptly for opening default upon its discovery can be considered in determining whether defendants' neglect was excusable.[13]

Here, Safebuilt's attorney alleged that until May 2018, she was unaware that the Leepers had dismissed the Fulton County action in December 2017 and had refiled it in Gwinnett. This allegation is supported by the fact that Safebuilt, with the permission of the Leepers, filed a stipulation extending the time for Safebuilt to answer in the Fulton County action in February 2018, more than a month after that case had been dismissed, as well as by the fact that Safebuilt filed an answer and responded to the Leepers' discovery requests in Fulton County in February 2018. The Leepers failed to move for a default judgment or to otherwise notify Safebuilt of the default until after the time had expired for Safebuilt to open the default as a matter of

---

[13] (Punctuation omitted.) *Vibratech, Inc. v. Frost*, 291 Ga. App. 133, 145 (2) (661 SE2d 185) (2008), quoting *Ford v. Saint Francis Hosp.*, 227 Ga. App. 823, 826 (1) (490 SE2d 415) (1997).

10

right under OCGA § 9-11-55 (a). The day after the Leepers moved for default, Safebuilt filed an answer, and shortly thereafter it moved to open the default, paid costs, and filed an affidavit announcing that it was ready to proceed with trial, offering to plead instanter, and setting up a meritorious defense. Moreover, the Leepers presented no evidence of prejudice that would result by opening the default. Under these circumstances, the trial court did not abuse its discretion by finding that Safebuilt's failure to file a timely answer in this case constituted excusable neglect and opening the default.[14]

> In reaching this conclusion, we once again emphasize that, contrary to plaintiff[s'] assertion, *it is not for this Court to determine whether, in the first instance, the proffered justification given by the defaulting defendant to the trial court is reasonable, because to do so*

---

[14] See *Summerville*, 349 Ga. App. at 606-607 (2) (b) (reviewing under proper case ground and affirming the grant of motion to open default because the plaintiff waited to move for default until after the time to open the default as a matter of right had expired, despite having served discovery requests on the defendants and agreeing to extend the time for responding thereto); *Strader*, 312 Ga. App. at 649-650 (affirming the trial court's order opening default because, among other reasons, (1) after learning of the default, the defendant promptly paid costs and moved to open the default, meeting the statutory conditions precedent, and (2) there was no evidence of prejudice to the plaintiff); *Albee v. Krasnoff*, 255 Ga. App. 738, 740 (1) (566 SE2d 455) (2002) (affirming the opening of default because the plaintiffs failed to move for default until after the defendant could open the default as a matter of right, even after serving discovery on the defendant and granting it an extension of time to respond thereto).

11

*would undermine, to the point of eviscerating, the abuse of discretion standard of review we are charged with adhering to in these cases.* Thus, while it is certainly true that a default may be opened under the [excusable neglect] analysis only where a reasonable explanation for the failure to timely answer exists, this Court's review of a trial court's determination as to the reasonableness of such an explanation is exceedingly deferential. . . . [T]his Court can (and should) only evaluate the reasonableness of [Safebuilt's] proffered justification for opening a default on the [excusable neglect] ground in the context of considering whether the trial court's acceptance of this justification as a basis for opening default amounts to a manifest abuse of discretion. To do otherwise would amount to substituting our judgment for that of the trial court, which the applicable standard of review flatly prohibits.[15]

2. In light of our holding in Division 1, we need not address the Leepers' argument that the trial court erred by alternatively granting Safebuilt's motion to extend the time to file an answer.

*Judgment affirmed. Coomer and Markle, JJ., concur.*

---

[15] (Footnotes and punctuation omitted; emphasis supplied.) *Strader*, 312 Ga. App. at 650.